COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com
MATTHEW D. MARTINEZ (333932)
(mmartinez@cooley.com)
10265 Science Center Drive
San Diego, California 92121
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

NICHOLAS ORR (334142)
(norr@cooley.com)
355 S. Grand Avenue
Los Angeles, California 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
ERINMA E. MAN (330543)
(eman@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone: +1 212 479 6000
Facsimile: +1 212 479 5275

Attorneys for Defendant
EHang Holdings Limited

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN PUJO, Individually and On Behalf of All Others Similarly Situated , <br><br> Plaintiff, <br><br> v. <br><br> EHANG HOLDINGS LIMITED HUAZHI HU, CONOR CHIA-HUNG YANG, RICHARD JIAN LIU, and XIN FANG <br><br> Defendants. | Case No. 2:23-cv-10165-MWC <br><br> **REQUEST FOR JUDICIAL NOTICE FOR INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANT EHANG HOLDINGS LIMITED'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** <br><br> Hearing:  March 28, 2025 <br> Time:  1:30 p.m. <br> Dept:  Courtroom 6A <br> Judge:  Hon. Michelle Williams Court |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendant EHang Holdings Limited ("EHang" or "Defendant") respectfully requests the Court to incorporate by reference and/or take judicial notice of the documents listed below, submitted in conjunction with EHang's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"). The documents subject to this Request are attached as exhibits to the accompanying Declaration of Linh K. Nguyen in Support of Defendant EHang Holding Limited's Motion to Dismiss (the "Nguyen Declaration").

## I.   INTRODUCTION

The Court should consider **Exhibits 1–38** when resolving the Motion to Dismiss because they provide the context the Supreme Court requires this Court to consider in evaluating whether Plaintiff has adequately pled a securities fraud claim. *Tellabs v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). As detailed below, **Exhibits 1–38** are incorporated by reference into Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws (the "AC," Dkt. 41), subject to judicial notice, or both.

The AC challenges or references statements contained in 24 different documents. EHang submits these documents, with the pertinent text highlighted, so that the Court can view the statements in context as part of the "statement-by-statement" analysis required by the Private Securities Litigation Reform Act of 1995. *See In re Eventbrite, Inc. Sec. Litig*., 2020 WL 2042078, at *7, 10 n.5 (N.D. Cal. Apr. 28, 2020) (each challenged statement "must be analyzed in context." and "the Court must do a statement-by-statement analysis.").

Defendants also submit these documents because, according to binding Supreme Court and Ninth Circuit precedent, when evaluating securities fraud complaints, courts "***must*** consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322; *Zucco Partners, LLC v. Digimarc*

Cooley LLP
Attorneys at Law
New York

Req. for Jud. Notice and for Incorp. by
Reference ISO Motion to Dismiss
2:23-cv-10165-MWC

*Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) ("***must***").[1] Judicial notice and incorporation by reference are "exceptions" to the general rule that courts may not consider "matters outside the pleading[s]" when ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018).

## II.    DOCUMENTS SUBJECT TO THIS REQUEST[2]

Proper application of the doctrines of incorporation by reference and judicial notice requires a document-by-document analysis. *See id*. at 998–1007. Defendants provide the following index to assist the Court in doing so. The "Ex." column identifies the exhibit number. The "¶¶" column lists the paragraph(s) in the AC or pages in the Hindenburg Report (on which the AC heavily relies) where Plaintiff or Hindenburg Research relies on the publication as the basis of their claims about EHang, demonstrating that each document is incorporated by reference in the AC. Where no paragraph is listed ("--"), those documents are solely subject to judicial notice for the purposes discussed below.

Defendants provide this information because the doctrines are distinct, and "permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja*, 899 F.3d at 998.

| Ex. | Description | ¶¶ |
|---|---|---|
| 1 | EHang's Annual Report on Form 20-F for the year ended on December 31, 2021, filed with the Securities and Exchange Commission ("SEC") on April 28, 2022. | 52, 73, 74, 75 |
| 2 | EHang's Prospectus on Form 424(b)(4) ("Prospectus") filed with the SEC on December 12, 2019. | Hindenburg Report at 2 |

---

[1] "MTD" references are to the Memorandum of Points and Authorities in Support of Defendant EHang Holdings Limited's Motion to Dismiss Plaintiff's Amended Complaint. Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.

[2] For the Court's convenience, attached to the accompanying Nguyen Declaration are true and correct (and in some cases, highlighted and/or excerpted) copies of each exhibit.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

3

**REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC**

| Ex. | Description | ¶¶ |
|---|---|---|
| 3 | Article titled *Urban Air Mobility (UAM) Market Size, Share & Industry Analysis, By Vehicle Type (Air Taxi, Air Metro, Air Ambulance, Last-Mile Delivery, and Other), By Range (Intercity, and Intracity), By Operation (Piloted, Autonomous, and Hybrid), By End User (Ridesharing Companies, Scheduled Operators, E-Commerce Companies, Hospitals, and Medical Agencies and Private Operators), Regional Forecast, 2024-2032*, published in *Fortune Business Insights* on November 11, 2024. | -- |
| 4 | EHang's investor presentation titled *EHang – Enabling Safe, Autonomous, Eco-friendly Air Mobility*, dated November 2023. | 111 |
| 5 | EHang's Annual Report on Form 20-F for the year ending December 31, 2022, filed with the SEC on April 27, 2023. | 52 n.3 |
| 6 | Transcript for EHang's Q4 2021 Earnings Call held on March 29, 2022. | 69, 70 |
| 7 | Transcript for EHang's Q1 2022 Earnings Call held on May 31, 2022. | 78, 80 |
| 8 | EHang press release titled *EHang Announces Development Agreement with Lung Biotechnology to Enable Drone Delivery of Manufactured Organs for Transplant*, released on May 4, 2016. | 51 |
| 9 | Unither Bioelectronics website section titled *Partners*, last accessed December 3, 2024. | -- |
| 10 | Unither Bioelectronics website section titled *Organ Delivery Systems*, last accessed December 3, 2024. | -- |
| 11 | EHang press release titled *DHL-Sinotrans and EHang jointly launch first fully-automated and intelligent urban drone delivery solution in China*, released on May 16, 2019. | 117 |
| 12 | EHang press release titled *EHang Holdings Limited Announced Appointment of Independent Director*, released on May 28, 2020. | -- |
| 13 | EHang press release titled *EHang Announces Strategic Partnership with Vodafone to Collaborate on Urban Air Mobility*, released on October 18, 2019. | 120 |
| 14 | EHang press release titled *EHang Joins International Project to Develop Air Ambulance*, released on August 21, 2020. | 121, 122 |
| 15 | EHang press release titled *EHang Partners with HELI-EASTERN for Urban Air Mobility Operations in Integrated Airspace in Shenzhen*, released September 15, 2021. | 123 |

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

4

REQ. FOR JUD. NOTICE AND FOR INCORP. BY REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC

| Ex. | Description | ¶¶ |
|---|---|---|
| 16 | EHang press release titled *EHang Receives Pre-Order for 100 Units of EH216 AAVs from Indonesian Aviation Company Prestige Aviation*, released on April 11, 2022. | 71, 72 |
| 17 | Article titled *Tesla Model X electric cars to hit Indonesian roads*, published in *The Jakarta Post* on June 7, 2017. | -- |
| 18 | Prestige Corp. website section titled *About*, last accessed December 3, 2024. | -- |
| 19 | EHang press release titled *EHang Receives a Pre-order for 50 Units of EH216 in Japan*, released on January 20, 2022. | Hindenburg Report at 19 |
| 20 | Article titled *(First in Japan) AirX Completes First Delivery of Pre-Order Flying Car* (English translation), published in *PRTimes* on March 23, 2023. | -- |
| 21 | EHang press release titled *EHang Delivers 5 Units of EH216-S to Boling in Shenzhen*, released on September 29, 2023. | Hindenburg Report at 19 |
| 22 | EHang's Annual Report on Form 20-F for the year ending December 31, 2023, filed with the SEC on April 15, 2024. | -- |
| 23 | EHang press release titled *EHang Reports Second Quarter 2024 Unaudited Financial Results*, released on August 22, 2024. | -- |
| 24 | EHang's Annual Report on Form 20-F for the year ending December 31, 2019, filed with the SEC on April 20, 2020. | -- |
| 25 | EHang's Annual Report on Form 20-F for the year ending December 31, 2020, filed with the SEC on June 15, 2021. | -- |
| 26 | EHang press release titled *EHang Successfully Obtains Type Certification for EH216-S Passenger-Carrying UAV System Issued by Civil Aviation Administration of China*, released on October 13, 2023. | 95 |
| 27 | Hindenburg Research report titled *EHang: Hollow Order Book And Fake Sales Make This China-Based eVTOL Company Last In Line For Takeoff* ("Hindenburg Report"), published on November 7, 2023. | 99, 100, 101, 102, 103, 104, 105, 106, 125, 128 |
| 28 | Historical stock price data for EHang from November 1, 2023 to December 29, 2023, published by Yahoo! Finance at https://finance.yahoo.com. | 8. 107 |
| 29 | EHang's press release titled *EHang Responds to Short Seller Report*, released on November 7, 2023. | 110 |

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC

| Ex. | Description | ¶¶ |
|---|---|---|
| 30 | Article titled *United Therapeutics partners with Robinson to develop hydrogen-powered helicopter*, published in Vertical Magazine on August 14, 2024. | -- |
| 31 | EHang website section titled *EHang AAV: The Era of Urban Air Mobility is Coming*, last accessed December 3, 2024. | -- |
| 32 | Article titled *United Therapeutics adds hydrogen to its electric hydrogen plans*, published in Vertical Magazine on May 10, 2024. | -- |
| 33 | EHang's press release titled *EHang Reports Fourth Quarter and Fiscal Year 2021 Unaudited Financial Results*, released on March 29, 2022. | 68 |
| 34 | Transcript for EHang's Q2 2022 Earnings Call held on August 18, 2022. | 82. 83, 84 |
| 35 | EHang's press release titled *EHang Reports First Quarter 2022 Unaudited Financial Results*, released on May 31, 2022. | 76, 77 |
| 36 | EHang's Q2 2022 Earnings Call presentation, dated August 18, 2022. | 85, 87 |
| 37 | EHang's Q3 2022 Earning Call presentation, dated December 2, 2022. | 53, 91 |
| 38 | EHang's investor presentation titled *EHang – Enabling Safe, Autonomous, Eco-friendly Air Mobility* dated October 2023. | 95–98, 111, 115, |

## III.    ARGUMENT

Courts generally do not consider materials extraneous to the pleadings when deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss—but two exceptions exist: (1) the doctrine of incorporation by reference and (2) judicial notice pursuant to Federal Rule of Evidence 201. *See Khoja*, 899 F.3d at 998. The Court should consider **Exhibits 1–38** attached to the Nguyen Declaration when resolving the Motion to Dismiss because, for the reasons articulated below, they are incorporated by reference into the AC, subject to judicial notice pursuant to Federal Rule of Evidence 201, or both.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

6

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC

**A.** **The Court Should Incorporate by Reference into the AC Exhibits Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, 33–38.**

A court may incorporate a document into the complaint if the plaintiff relies on the document for its claims or if the plaintiff repeatedly makes reference to the document. *Khoja*, 899 F.3d at 1002–03; *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 766 (N.D. Cal. 2024). The doctrine disallows plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. The doctrine's policy rationale is that a plaintiff cannot surmount a Rule 12(b)(6) motion by "deliberately omitting references to documents upon which their claims are based[.]" *Id*. "Once a document is deemed incorporated by reference, **the entire document is assumed to be true** for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). "The court need not . . . accept as true allegations that contradict matters properly [presented] by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see Eventbrite*, 2020 WL 2042078, at *7 ("Khoja does not prevent a defendant from using the doctrine[] of . . . incorporation by reference to create factual disputes with a plaintiff's conclusory allegations."); *Strezsak v. Ardelyx Inc.*, 2024 WL 4194797, at *3 (N.D. Cal. Sept. 12, 2024) ("Although the truth of an incorporated document may not be considered *solely* to dispute *well-pled* facts, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint.") (emphasis in original).

Here, EHang submits **Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, 33–38** for the Court's consideration for incorporation by reference because the AC challenges the statements contained therein or relies on the documents to form the basis of Plaintiff's claim. *See Khoja*, 899 F.3d at 1004–06 (affirming the district court's decision to incorporate certain documents based on this reasoning). Plaintiff refers to

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

7

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC

these materials directly in the AC, challenges the statements contained within them, and/or expressly relies on them for his claims. The documents plainly "form the basis of" Plaintiff's claims in this action. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003; *Mendoza v. HF Foods Group Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating certain materials by reference that plaintiff "expressly refer[red] to, and rel[ied] on" and where those materials "form[ed] the basis of Plaintiffs' claims").

**B.     The Court Should Take Judicial Notice of Information in the Public Realm and Available to the Market (Exhibits 1–38).**

All documents listed here are also subject to judicial notice—an independent ground for the Court's consideration. Under Federal Rule of Evidence 201(b), a court may judicially notice a fact "that is not subject to reasonable dispute because it: (1) "is generally known" or (2) "can be accurately and readily determined[.]" Fed. R. Evid. 201(b)(1)-(2). Judicial notice is distinct from the incorporation doctrine and extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Courts take judicial notice of published materials "introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). In the Ninth Circuit, courts may take judicial of publications that indicate "that the market was aware of [] information contained in news articles submitted by the defendants." *Heliotrope Gen.l, Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999).

Each of **Exhibits 1–38** is subject to judicial notice and EHang submits these exhibits for the purpose of "determining what information was available to the market." *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022); *see also Pirani*, 710 F. Supp. 3d at 767 (taking judicial notice of certain documents filed with the SEC "for the purpose of considering what information was available to the

Cooley LLP
Attorneys at Law
New York

8

Req. for Jud. Notice and for Incorp. by
Reference ISO Motion to Dismiss
2:23-cv-10165-MWC

market"). For example, EHang relies on **Exhibits 2, 22, and 24–25**, among others, to show the Court EHang's disclosures to investors regarding its business strategy and risks associated with the Company's preorders and the United Therapeutics preorder specifically. (MTD at 6–8.) EHang relies on **Exhibits 6,7, and 22** to show the Court that EHang has disclosed to investors that part of its business strategy has been to focus on growth within its domestic market (mainland China). (MTD at 4, 18.) As for **Exhibits 9–10, 30, and 32**, EHang relies on those Exhibits to show the Court what United Therapeutics has said about EHang and what other news sources have reported about United Therapeutics. (MTD at 13, 19, 22.) In sum, EHang does not request that the Court consider these exhibits for judicial notice based on "the truth of the facts cited therein." *Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (explaining that a court "may take judicial notice of the existence of matters of public record" but not for the truth of the facts asserted within those documents). EHang requests that the Court take judicial notice of these exhibits to indicate what information was available in the public realm and to the market at the time.

Each of **Exhibits 1–38** fall within the categories of documents of which courts routinely take judicial notice because they indicate information that is within the public realm: (1) SEC filings; (2) press releases; (3) earnings call transcripts; (4) investor presentations; and (5) publicly available news articles and websites. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings and historical stock price information); *Heliotrope General*, 189 F.3d at 981 n.18 (news articles); *In re Robinhood Order Flow Litig.*, 2022 WL 9765563, at *1 n.1 (N.D. Cal. Oct. 13, 2022) (taking judicial notice of media publications "not for the truth of their content, but to indicate what was in the public realm at the time") (internal quotations and citations omitted); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp 2d. 1043, 1062 (C.D. Cal. 2012) (explaining "[c]ourts in the Ninth Circuit routinely take judicial notice of press releases");

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

9

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC

*Paralyzed Veterans of Am v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (explaining that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web" and recognizing that "company documents may be judicially noticed insofar as they are available via the worldwide web"); *Waterford Township Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C. D. Cal 2018) (SEC filings, earnings call transcripts, and corporate presentations). These exhibits fall into the following categories and are, thus, subject to judicial notice:

- **SEC Filings:** Exhibits 1–2, 5, 22, 24–25;
- **Press Releases:** Exhibits 8, 11–16, 19, 21, 23, 26, 29, 33, 35;
- **Investor/Analyst Conference Call Transcripts:** Exhibits 6–7, 34
- **Investor Presentation:** Exhibit 4, 36–38
- **News Articles and Websites:** Exhibits 3, 9–10, 17–18, 20, 27–28, 30–32.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court consider **Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, 33–8** for incorporation by reference and take judicial notice of **Exhibits 1–38**.

Dated:         December 6, 2024              COOLEY LLP

                                             By: */s/ Linh K. Nguyen*
                                                  Linh K. Nguyen

                                             Attorneys for Defendants EHang
                                             Holdings Limited

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

10

REQ. FOR JUD. NOTICE AND FOR INCORP. BY
REFERENCE ISO MOTION TO DISMISS
2:23-CV-10165-MWC