COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com)
MATTHEW D. MARTINEZ (333932)
(mmartinez@cooley.com)
10265 Science Center Drive
San Diego, California 92121
Telephone:   +1 858 550 6000
Facsimile:   +1 858 550 6420

NICHOLAS ORR (334142)
(norr@cooley.com)
355 S. Grand Avenue
Los Angeles, California 90071
Telephone:   +1 213 561 3250
Facsimile:   +1 213 561 3244

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
ERINMA E. MAN (330543)
(eman@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone:   +1 212 479 6000
Facsimile:   +1 212 479 5275

Attorneys for Defendant
EHang Holdings Limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN PUJO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, CONOR CHIA-HUNG YANG, RICHARD JIAN LIU, and XIN FANG,<br><br>Defendants. | Case No. 2:23-cv-10165-MWC<br><br>**REPLY IN SUPPORT OF DEFENDANT EHANG HOLDINGS LIMITED'S REQUEST FOR JUDICIAL NOTICE AND FOR INCORPORATION BY REFERENCE**<br><br>Hearing:  March 28, 2025<br>Time:       1:30 p.m.<br>Dept:       Courtroom 6A<br>Judge:      Hon. Michelle Williams |

## I.   INTRODUCTION

Plaintiff does not dispute that **Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, 33–38** are incorporated by reference into the AC.[1] (Opp. at 6-7.) Plaintiff likewise does not dispute that **Exhibits 1–38** are the types of documents of which the Court may take judicial notice. (*See id*.) Plaintiff should have stopped there. Instead, Plaintiff uses a page length of his Opposition to half-heartedly criticize EHang's RJN, noting the number of documents subject to EHang's request and generally complaining about EHang's use of the Exhibits to defeat Plaintiff's claims. But Plaintiff's own authority confirms that documents subject to the incorporation by reference and judicial notice doctrines have "roles to play at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). As a result, courts routinely consider dozens of documents—even 40 or more—under these doctrines, including in cases decided since *Khoja*. *E.g.*, *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5, *8 n.4 (N.D. Cal. June 2, 2020) (taking notice of 64 exhibits); *Weston v. DocuSign, Inc.*, 669 F.Supp.3d 849, 870–72 (N.D. Cal. 2023) (taking notice of 42 exhibits). And, tellingly, Plaintiff does not identify a single instance where EHang's use of *any* Exhibit runs afoul of either doctrine.

There is no actual dispute as to whether EHang's RJN should be granted—Plaintiff did not even bother to submit a brief in opposition to it. The Court should consider **Exhibits 1–38** under the incorporation by reference doctrine or judicial notice doctrine as applicable (and set forth in detail below) because, according to binding Supreme Court and Ninth Circuit precedent, when evaluating securities fraud complaints, courts "***must*** consider the complaint in its entirety, as well as . . .

---

[1] Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted. "AC" or "¶" refers to the Amended Class Action Complaint for Violations of the Federal Securities Laws, (Dkt. 41). "Mot." or "Motion to Dismiss" refers to Defendant EHang Holdings Limited's ("EHang" or the "Company") Memorandum of Points and Authorities in Support of EHang's Motion to Dismiss Plaintiff's AC, (Dkt. 47-1). "RJN" refers to EHang's Request for Judicial Notice and Incorporation by Reference, (Dkt. 51). "Opp." or the "Opposition" refers to Plaintiff's Opposition to EHang's Motion to Dismiss AC, (Dkt. 55).

documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

## II.   ARGUMENT

EHang's Request for Judicial Notice should be granted in its entirety for two reasons. *First*, **Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, and 33–38** "form the basis of" or are "refer[enced] extensively" in Plaintiff's AC. *Khoja*, 899 F.3d at 1002; RJN at 7–8. The documents are therefore "part of the [C]omplaint itself," and the Court may consider each in its entirety. *Khoja*, 899 F.3d. at 1002. *Second*, **Exhibits 3, 9–10, 12, 17–18, 20, 22–25, and 30–32** are subject to judicial notice and EHang properly uses each under that doctrine. (RJN at 8–10.)

### A.   Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, and 33–38 Are Properly Incorporated by Reference.

Incorporation by reference "treats certain documents as though they are part of the complaint itself . . . if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. When a document is incorporated by reference, "the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Ng v. Berkeley Lights, Inc.*, 2024 WL 695699, at *3 (N.D. Cal. Feb. 20, 2024).

Plaintiff does not dispute that **Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, and 33–38** are incorporated by reference.[2] (Opp. at 6–7.) Nor does he dispute that EHang properly uses each Exhibit under the incorporation by reference doctrine. *(Id.)* Instead, Plaintiff generically posits that EHang cannot use documents that are

---

[2] Plaintiff's failure to address incorporation by reference of each of these exhibits waives any objection that incorporation by reference is improper. *See McGovney v. Aerohive Networks, Inc.*, 367 F.Supp.3d 1038, 1050-51 (N.D. Cal. 2019) (taking judicial notice of exhibits plaintiffs do not object to or otherwise argue are improper); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F.Supp.2d 1092, 1107 (E.D. Wash. 2013) (granting "unopposed portion" of defendants' request).

incorporated by reference to "defeat" his claims. (*Id.* at 7.) That is not the law. There is no prohibition against using an incorporated document to defeat a plaintiff's claims on a motion to dismiss; that is always the purpose. *Khoja*, 899 F.3d at 1002 ("[I]ncorporation-by-reference is a judicially created doctrine that . . . prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."). *Khoja* only holds that an incorporated document's truth may not be assumed "if the only purpose is to dispute or create a defense to a *well-pled* fact in a complaint." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (emphasis in original). Plaintiff does not identify any *well-pled facts* that are disputed by an incorporated document.[3] The Court may therefore consider these Exhibits in their entirety.

### B. EHang Properly Uses Exhibits 3, 9–10, 12, 17–18, 20, 22–25, and 30–32 Under the Judicial Notice Doctrine.

Distinct from the incorporation by reference doctrine, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F.Supp.2d 816, 820–21 (C.D. Cal. 1998).

Plaintiff does not dispute that **Exhibits 3, 9–10, 12, 17–18, 20, 22–25, and 30–32** are subject to judicial notice.[4] (*See* Opp. at 6–7.) Instead, he asserts that EHang may not use the Exhibits to present "its own version of the facts" and warns the Court not to judicially notice the Exhibits for their truth. (*Id.* at 7.) But under the judicial notice doctrine, courts may notice a fact "if it is not subject to reasonable dispute," *i.e.*, the fact is "generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999; Fed. R. Evid. 201(b)1-2. It is irrelevant who presents the fact to the Court. Additionally, a cursory review of EHang's Motion to Dismiss proves that EHang

---

[3] Plaintiff also does not dispute that Exhibits 1–2, 4–8, 11, 13–16, 19, 21, 26–29, and 33–38 are subject to judicial notice. (Opp. at 6–7.)
[4] In fact, Plaintiff's Opposition relies on Exhibit 30. (Opp. at 4, 11.)

does not ask the Court to accept the truth of *any* disclosure in the Exhibits; it merely asks it to accept that information *was* disclosed. For example, EHang does not cite Exhibit 32 for the truth of United Therapeutics' ("UT") statement that UT was "not married to any specific player." (Mot. at 19.) Instead, EHang cites Exhibit 32 to demonstrate that UT made this statement to the market. Plaintiff concedes that use is proper. (Opp. at 7 (agreeing that the Court may "take notice of the fact that statements in [] documents were made").) And to the extent these judicially noticeable facts reveal the flaws in the AC, the Court may credit the judicially noticeable facts over the contradictory allegations. *Ajaxo, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 2007 WL 4180361, at *1 (E.D. Cal. Nov. 21, 2007) ("While, broadly speaking, it is true that, in considering a motion to dismiss, all well-pleaded allegations in the complaint must be taken as true, there is an important exception to this general rule. In the consideration of a pleading, the court will read it as if it contained a statement of all matters of which the court is required to take judicial notice, even when the pleading contains an express allegation to the contrary.") That is precisely EHang's purpose in citing, for example, Exhibit 32. (Mot. at 19.) Plaintiff asserts that UT had "moved on to developing a hydrogen-powered AAV with Robinson Helicopter" to the exclusion of EHang (Opp. at 11), but that claim is directly contradicted by UT's statement that it was "not married to any specific player" in the market (Ex. 32 at 5).

### 1. EHang properly cites publicly available articles.

Plaintiff does not dispute that **Exhibits 3, 17, 20, 30, and 32**—various news articles—are subject to judicial notice. (Opp. at 6–7.) *See Phoenix Sols., Inc. v. W. Interactive Corp.*, 2010 WL 6032841, at *12 (C.D. Cal. Aug. 25, 2010) ("the Court may take judicial notice of a published article to indicate what was in the public realm"). And, EHang does not ask the Court to consider the documents for their truth; EHang cites them to show what information was reported to the public. (*E.g.,* Mot. at 3–4 (citing Ex. 3 for the reported valuation of UAM market); *id.* at 6 (citing Ex. 17 for fact that Prestige Image Motorcars was reported to be the exclusive distributor

for Tesla in the Indonesian market); *id.* (citing Ex. 20 for fact that the PR Times reported delivery of an EHang AAV to a customer); *id.* at 19 & n.12 (citing Exs. 30 and 32 for fact that UT made public statements).)[5] That use is indisputably proper. *See von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (the court may take judicial notice to "indicate what was in the public realm at the time"); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F.Supp.2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show that the market was aware of the information contained in news articles.").

### 2.     EHang properly cites public websites.

Plaintiff does not dispute that **Exhibits 9–10, and 18**—three publicly available website pages—are subject to judicial notice. (Opp. at 6–7.) *See Spy Optic, Inc. v. Alibaba.com, Inc.*, 163 F.Supp.3d 755, 762–63 (C.D. Cal. 2015) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."). Plaintiff also does not identify any instance of EHang improperly using these Exhibits for the truth of the matters asserted therein. Nor can he, as EHang cites each only for the judicially noticeable fact that certain statements were made on the websites. (*See* Mot. at 5 (citing Exs. 9–10 for the fact that Unither Bioelectronics lists EHang's logo on its website); *id.* at 6 (citing Ex. 18 for the fact that Prestige Corp. lists multiple businesses as part of its holdings).) EHang's use of the Exhibits is proper. *See Lamontagne v. Tesla, Inc.*, 2024 WL 4353010, at *3 (N.D. Cal. Sept. 30, 2024) ("websites and their contents may be judicially noticed") (citing *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d 139, 146 (N.D. Cal. 2020)).

### 3.     EHang properly cites publicly available press releases.

Plaintiff does not dispute that **Exhibits 12 and 23**—two EHang press

---

[5] Further, EHang properly cites Exhibit 30 to show that ¶67 inaccurately characterizes UT's report of its partnership with Robinson Helicopters. *See Avoy v. Turtle Mountain, LLC*, 2014 WL 587173, at *3 (N.D. Cal. Feb. 14, 2014) ("[a] court need not accept as true allegations contradicted by judicially noticeable facts.").

releases—are subject to judicial notice. (Opp. at 6–7.) *See In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019). EHang properly cites Exhibit 12 for the judicially noticeable fact that EHang announced the appointment of Dongming Wu to its board of directors, (Mot. at 5 (citing Ex. 12)), and cites Exhibit 23 for the judicially noticeable fact that EHang announced partnerships with local governments in China, (Mot. at 6 (citing Ex. 23)). As Plaintiff concedes, use of these Exhibits for "the fact that statements in those documents ***were made***" is proper. (Opp. at 7 (emphasis in original).)

### 4. EHang properly cites publicly available SEC filings.

Plaintiff does not dispute that **Exhibits 22, 24, and 25**—EHang's Annual Reports on Form 20-F—are subject to judicial notice. (Opp. at 6–7.) *See In re Pivotal Sec. Litig.*, 2020 WL 4193384, at *5 (N.D. Cal. Jul. 21, 2020) (taking "judicial notice of [defendant's] SEC filings for the sole purpose of determining what representations [defendant] made to the market"). Again, Plaintiff does not (and cannot) identify a single instance where EHang improperly uses these SEC filings. EHang cites each document for the judicially noticeable fact that certain statements were made. (*E.g.*, Mot. at 7 n.5 (citing Exs. 22, 24, and 25 for the fact that EHang warned investors about the conditional nature of its preorders); *see also id*. at 10, 18, 22, and 24.) To the extent those facts contradict Plaintiff's allegations, that is not improper. *Ajaxo*, 2007 WL 4180361, at *1 ("a court may take judicial notice of such a fact even when the complaint makes an express allegation to the contrary.")

## III. CONCLUSION

For the foregoing reasons, EHang respectfully requests that the Court consider **Exhibits 1–38** under the incorporation by reference and/or judicial notice doctrines for the purposes cited in EHang's Motion to Dismiss.

Dated:          March 14, 2025                    COOLEY LLP


By: */s/ Linh K. Nguyen*
        Linh K. Nguyen

Attorneys for Defendants EHang
Holdings Limited