COOLEY LLP
KOJI F. FUKUMURA (189719)
(kfukumura@cooley.com)
CRAIG TENBROECK (287848)
(ctenbroeck@cooley.com)
LINH K. NGUYEN (305737)
(lknguyen@cooley.com
MATTHEW D. MARTINEZ (333932)
(mmartinez@cooley.com)
10265 Science Center Drive
San Diego, California 92121
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

NICHOLAS ORR (334142)
(norr@cooley.com)
355 S. Grand Avenue
Los Angeles, California 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

SARAH M. LIGHTDALE (*pro hac vice*)
(slightdale@cooley.com)
ERINMA E. MAN (330543)
(eman@cooley.com)
55 Hudson Yards
New York, New York 10001
Telephone: +1 212 479 6000
Facsimile: +1 212 479 5275

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN PUJO, Individually and On Behalf of All Others Similarly Situated , <br><br> Plaintiff, <br><br> v. <br><br> EHANG HOLDINGS LIMITED HUAZHI HU, CONOR CHIA-HUNG YANG, RICHARD JIAN LIU, and XIN FANG <br><br> Defendants. | Case No. 2:23-cv-10165-MWC <br><br> **EHANG HOLDINGS LIMITED, AND HUAZHI HU'S ANSWER TO AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br><br> Judge:    Hon. Michelle Williams Court |

Defendants EHang Holdings Limited ("EHang") and Huazhi Hu (together with EHang, "Defendants") hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint," ECF No. 41). Defendants deny any allegation not specifically admitted.[1]

## ANSWER

1.    Defendants admit that Plaintiff asserts claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5. Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23. Defendants deny that Plaintiff has suffered any damages based on the allegations in the Complaint. Except as expressly admitted, Defendants deny the allegations in paragraph 1.

2.    Defendants admit that EHang is headquartered in Guangzhou, China. Defendants admit that EHang makes autonomous aerial vehicles ("AAVs"). Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 about the risk profile for investors or what investors had to worry about, and, on that basis, deny them. Defendants deny any remaining allegations in paragraph 3.

4.    Defendants admit that EHang and Prestige Aviation ("Prestige") entered into a contract of advance sale whereby Prestige pre-ordered 100 AAVs subject to certain terms and conditions. Defendants are not required to respond to the

---

[1] The Complaint contains certain headings and subheadings. Defendants do not construe the headings and subheadings as actionable allegations. To the extent that any heading or subheading is construed as an allegation requiring a response, Defendants deny it. The Complaint also includes numerous footnotes. Defendants do not construe these footnotes as actionable allegations. To the extent that any footnote is construed as an allegation requiring a response, Defendants deny it. Finally, the Complaint includes allegations that relate solely to a claim about the United Therapeutics preorder, which was dismissed by the Court's March 26, 2025 Order (ECF No. 59). Defendants need not respond to such allegations and, on that basis, deny them; to the extent a response is deemed necessary, Defendants deny such allegations.

allegations in paragraph 4 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5.      Defendants are not required to respond to the allegations in paragraph 5 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. Defendants deny any remaining allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants admit that on or around November 7, 2023, Hindenburg Research published a document titled "Ehang: Hollow Order Book And Fake Sales Make This China-Based eVTOL Company Last in Line For Takeoff" and that Plaintiff refers to this as the "Hindenburg Report." Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 7.

8.      Defendants admit that on November 6, 2023, EHang's American Depository Shares ("ADSs") closed at $14.96 and that on November 7, 2023, EHang's ADSs closed at $13.06. Except as expressly admitted, Defendants deny the allegations in paragraph 8.

9.      Defendants admit that Plaintiff purports to assert claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. Except as expressly admitted, Defendants deny the allegations in paragraph 9.

10.     The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent the allegations are deemed factual allegations, Defendants deny them.

11.     The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

12. The allegations in paragraph 12 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 concerning Plaintiff's purchases of EHang ADSs, and, on that basis, deny them. Defendants deny any remaining allegations in paragraph 13.

14. Defendants admit that EHang has described itself as an "autonomous aerial vehicle technology company." Defendants admit that EHang is incorporated in the Cayman Islands and operates through subsidiaries and variable interest entities based in mainland China and Hong Kong. Defendants admit that EHang's headquarters are located at 11/F Building One, EHang Technology Park, No. 29 Bishan Blvd., Huangpu District, Guangzhou, Guangdong Province, 510700, People's Republic of China. Defendants admit that EHang's ADS trade on the NASDAQ exchange under the ticker symbol "EH." Except as expressly admitted, Defendants deny the allegations in paragraph 14.

15. Admitted.

16. Admitted.

17. Admitted.

18. Defendants admit that Mr. Fang served as Chief Operating Officer of EHang from February 2022 to June 2024. Defendants admit that EHang's February 24, 2022 press release contained the words quoted in paragraph 18, without the bracketed alterations. Except as expressly admitted, Defendants deny the allegations in paragraph 18.

19. Paragraph 19 contains Plaintiff's characterization of Messrs. Hu, Liu, and Fang to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants admit that the Complaint refers to Messrs. Hu,

Yang, Liu, and Fang as the "Individual Defendants." Except as expressly admitted, Defendants deny the allegations in paragraph 19.

20. The allegations in paragraph 20 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

21. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

22. The allegations in paragraph 21 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

23. Paragraph 23 contains Plaintiff's characterization of EHang and Messrs. Hu, Liu, and Fang to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants admit that the Complaint refers to EHang and Messrs. Hu, Yang, Liu, and Fang, collectively, as the "Defendants." Except as expressly admitted, Defendants deny the allegations in paragraph 23.

24. Defendants admit that EHang was incorporated in the Cayman Islands in 2014. Defendants admit that EHang initially manufactured and sold consumer drones that did not carry passengers. Defendants admit that certain vehicles performed other functions. Except as expressly admitted herein, Defendants deny the allegations in paragraph 24.

25. Defendants admit that EHang has manufactured and sold consumer drones while developing AAVs designed to carry passengers. Defendants admit that in 2018, EHang delivered a unit of EHang's dual-seat EHang 216 ("EH216") to a customer for testing and other purposes. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 25 as Plaintiff does not define the term "workhorse model," and on that

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

4

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMx)

basis denies the allegation. Except as expressly admitted, Defendants deny the allegations in paragraph 25.

26. Defendants admit that EHang's EH216 series includes several AAVs. Defendants admit that the EH216-S is a pilotless human-carrying electric vertical take-off and landing ("eVTOL") aircraft. Defendants admit that in or around October 2023, the EH216-S obtained a certification from the Civil Aviation Administration of China. Paragraph 26 contains legal conclusions, including what the certification "permit[ted]," to which no response is required. Except as expressly admitted, Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegation concerning the limitations of EHang's AAVs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 concerning the substance of unspecified "reports," and on that basis, deny them. Defendants deny any characterization of a "report[]" that is inconsistent with its content.

28. Defendants admit the EH216-F is an electric vertical take-off and landing (eVTOL) aircraft used for firefighting and the EH216-L is an eVTOL aircraft used for logistics. Defendants admit that the EH216-S has been used for sightseeing. Except as expressly admitted, Defendants deny the allegations in paragraph 28.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 concerning what investors "closely monitored," and, on that basis, deny them. Defendants deny any remaining allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 about what was a "boon" to investors, what investors needed to "worry" about, and EHang's "risk profile," and on that basis, deny them. Defendants deny any remaining allegations in paragraph 31.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

5

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMx)

32.    Defendants admit that EHang and Prestige entered into a contract of advance sale whereby Prestige pre-ordered 100 AAVs subject to certain terms and conditions. Defendants are not required to respond to the allegations in paragraph 32 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. Except as expressly admitted, Defendants deny the allegations in paragraph 32.

33.    Defendants admit that on April 11, 2022, EHang issued a press release titled "EHang Receives Pre-Order for 100 Units of EH216 AAVs from Indonesian Aviation Company Prestige Aviation." Defendants deny any characterization of the press release that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 33.

34.    Defendants admit that as of April 2022, the Prestige pre-order was the largest pre-order EHang had received for the EH216-S in the Asian market. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 concerning unspecific statements by EHang, and, on that basis, deny them. Defendants deny any characterization of a statement that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35.    Defendants admit that Defendants referenced the Prestige pre-order in quarterly earnings press releases, conference calls, and investor presentations. Defendants deny any characterization of a press release, conference call, or investor presentation that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 35.

36.    Defendants admit that EHang issued a press release on or about April 11, 2022, titled "EHang Receives Pre-Order for 100 Units of EH216 AAVs from Indonesian Aviation Company Prestige Aviation." Defendants deny any characterization of the press release that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 36.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

6

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMx)

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 about FE 1 and, on that basis, deny the allegations.

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 about FE 1 and, on that basis, deny the allegations.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 about FE 1 and, on that basis, deny the allegations.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 about FE 1 and, on that basis, deny the allegations. Defendants deny the allegations purporting to describe the Prestige pre-order.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 about FE 1, the circumstances of Prestige's creation, or the circumstances of Prestige's leadership, and, on that basis, deny the allegations.

42.    Defendants admit that EHang issued a press release on or about February 1, 2024, titled "EHang Announces Suggested Retail Price of RMB2.39 Million for EH216-S Passenger-Carrying UAV System in China." Defendants deny any characterization of the press release that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 42.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 about Prestige or Rudy Salim, and, on that basis, deny the allegations.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 about Prestige or Rudy Salim, and, on that basis, deny the allegations.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 about Prestige or Rudy Salim, and, on that basis, deny the allegations.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 about Rudy Salim, and, on that basis, deny the allegations.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 about Rudy Salim, and, on that basis, deny the allegations.

48. Defendants are not required to respond to the allegations in paragraph 48 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis deny them.

49. Defendants are not required to respond to the allegations in paragraph 49 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

50. Defendants are not required to respond to the allegations in paragraph 50 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

51. Defendants are not required to respond to the allegations in paragraph 51 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

52. Defendants are not required to respond to the allegations in paragraph 52 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

53. Defendants are not required to respond to the allegations in paragraph 53 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

8

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMx)

54.     Defendants are not required to respond to the allegations in paragraph 54 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

55.     Defendants are not required to respond to the allegations in paragraph 55 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

56.     Defendants are not required to respond to the allegations in paragraph 56 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

57.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 about FE 2, and, on that basis, deny the allegations.

58.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 about FE 2, and, on that basis, deny the allegations.

59.     Defendants are not required to respond to the allegations in paragraph 59 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 about FE 2, and on that basis deny the allegations.

60.     Defendants are not required to respond to the allegations in paragraph 60 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 about FE 2 and, on that basis, deny the allegations.

61.     Defendants are not required to respond to the allegations in paragraph 61 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and on that basis deny them. Defendants also lack knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 61 about FE 2, and, on that basis, deny them.

62.    Defendants admit that paragraph 62 quotes portions of the Hindenburg Report; however, the quoted portions have been modified and are incomplete. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 62.

63.    Defendants are not required to respond to the allegations in paragraph 63 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 about FE 2, and, on that basis, deny the allegations.

64.    Defendants are not required to respond to the allegations in paragraph 64 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

65.    Defendants are not required to respond to the allegations in paragraph 65 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

66.    Defendants are not required to respond to the allegations in paragraph 66 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

67.    Defendants are not required to respond to the allegations in paragraph 67 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and on that basis deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 about FE 2, and, on that basis, deny the allegations.

68.    Defendants admit that on or about March 29, 2022, EHang issued a press release that contained the words quoted in paragraph 68, without the bracketed

alterations. Defendants deny any characterization of the press release that is inconsistent with its content. Except as expressly admitted herein, Defendants deny the allegations in paragraph 68.

69. Defendants admit that on or about March 29, 2022, EHang held a call to discuss its Q4 and FY 2021 earnings. Defendants deny any characterization of the conference call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 69.

70. Defendants are not required to respond to the allegations in paragraph 70 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. The allegations in paragraph 70 are also legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

71. Defendants admit that on or about April 11, 2022, EHang issued a press release that contained the words quoted in paragraph 71. Defendants deny any characterization of the press release that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 71.

72. The allegations in paragraph 72 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

73. Defendants admit that on or about April 28, 2022, EHang filed with the SEC a Form 20-F for the year ended December 31, 2021. Defendants admit that Mr. Hu signed the 2021 20-F, and that Messrs. Hu and Liu each filed Sarbanes-Oxley certifications, which contained the words quoted in paragraph 73, without the bracketed alterations. Defendants deny any characterization of the Form 20-F that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 73.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

11

**DEFENDANTS' ANSWER TO COMPLAINT**
**2:23-CV-10165-MWC (DFMX)**

74. Defendants admit that the Form 20-F for the year ended December 31, 2021 contained the words quoted in paragraph 74, without emphasis. Except as expressly admitted, Defendants deny the allegations in paragraph 74.

75. Defendants are not required to respond to the allegations in paragraph 75 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. The allegations in paragraph 75 are also legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

76. Defendants admit that on or about May 31, 2022, EHang issued a press release that contained the words quoted in paragraph 76. Except as expressly admitted, Defendants deny the allegations in paragraph 76.

77. Defendants admit that the May 31, 2022 press release contained the words quoted in paragraph 77, without bracketed alterations. Except as expressly admitted, Defendants deny the allegations in paragraph 77.

78. Defendants admit that on or around May 31, 2022, EHang held an earnings call. Defendants deny any characterization of the call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 78.

79. Defendants admit that EHang presented a slide that contained the words quoted in paragraph 79. Except as expressly admitted, Defendants deny the allegations in paragraph 79.

80. The allegations in paragraph 80 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

81. Defendants admit that on or around August 18, 2022, EHang issued a press release that contained the words quoted in paragraph 81. Except as expressly admitted, Defendants deny the allegations in paragraph 81.

82. Defendants admit that on or around August 18, 2022, EHang held an earnings call. Defendants deny any characterization of the call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 82.

83. Defendants admit that on or around August 18, 2022, EHang held an earnings call. Defendants deny any characterization of the call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 83.

84. Defendants admit that on or around August 18, 2022, EHang held an earnings call. Defendants deny any characterization of the call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 84.

85. Defendants admit that EHang presented a slide that contained the words quoted in paragraph 85. Except as expressly admitted, Defendants deny the allegations in paragraph 85.

86. The allegations in paragraph 86 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

87. Defendants admit that EHang presented a slide that resembled the picture in paragraph 87. To the extent that the Complaint purports to replicate that slide, the original document speaks for itself, and Defendants in no way concede the authenticity or admissibility of the picture in the Complaint. Except as expressly admitted, Defendants deny the allegations in paragraph 87.

88. Defendants are not required to respond to the allegations in paragraph 88 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. The allegations in paragraph 88 are also legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

13

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMx)

89.    Defendants admit that on or around December 2, 2022, EHang held an earnings call. Defendants deny any characterization of the call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 89.

90.    The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

91.    Defendants admit that EHang presented a slide that resembled the picture in paragraph 91. To the extent that the Complaint purports to replicate that slide, the original document speaks for itself, and Defendants in no way concede the authenticity or admissibility of the picture in the Complaint. Except as expressly admitted, Defendants deny the allegations in paragraph 91.

92.    Defendants are not required to respond to the allegations in paragraph 92 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. The allegations in paragraph 92 are also legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

93.    Defendants admit that on or around March 22, 2023, EHang held an earnings call. Defendants deny any characterization of the call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 93.

94.    The allegations in Paragraph 94 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

95.    Defendants admit that on or around October 2023, EHang published a presentation, which Plaintiff calls the "October 2023 Presentation," that contained the words quoted in footnote 6. Except as expressly admitted, Defendants deny the allegations in paragraph 95.

96.    Defendants admit that EHang published a presentation, which Plaintiff calls the "October 2023 Presentation." Defendants deny any characterization of the presentation that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 96.

97.    Defendants are not required to respond to the allegations in paragraph 97 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them. The allegations in paragraph 97 are also legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

98.    The allegations in paragraph 98 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

99.    Defendants admit that on or around November 7, 2023, Hindenburg Research published a report titled "Ehang: Hollow Order Book And Fake Sales Make This China-Based eVTOL Company Last in Line For Takeoff" and that Plaintiff refers to this as the "Hindenburg Report." Except as expressly admitted, Defendants deny the allegations in paragraph 99.

100.    Defendants admit that the Hindenburg Report contained the words quoted in paragraph 100, without emphasis and bracketed alterations. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 100.

101.    Defendants admit that the Hindenburg Report contained the word quoted in paragraph 101, without emphasis. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 101.

102.    Defendants admit that the Hindenburg Report contained the words quoted in paragraph 102. Defendants deny any characterization of the Hindenburg

Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 102.

103. Defendants admit that the Hindenburg Report contained the words quoted in paragraph 103, without emphasis and bracketed alterations. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 103.

104. Defendants admit that the report contained the words quoted in paragraph 104, without emphasis. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 104.

105. Defendants admit that the Hindenburg Report contained the words quoted in paragraph 105, without emphasis. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 105.

106. Defendants admit that the Hindenburg Report discussed Mr. Salim and Prestige but deny any characterizations of the Hindenburg Report that are inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 106.

107. Defendants admit that the Hindenburg Report was published on or about November 7, 2023. Defendants admit that on November 6, 2023, EHang's ADSs closed at $14.96 and that on November 7, 2023, EHang's ADSs closed at $13.06. Except as expressly admitted, Defendants deny the allegations in paragraph 107.

108. The allegations in paragraph 108 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

109. Defendants admit that on or about October 2023, EHang published a presentation on its website. Defendants deny any characterization of the presentation

that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 109.

110. Defendants admit that EHang published a press release titled "EHang Responds to Short Seller Report" that contained the words quoted in paragraph 110. Defendants deny any characterization of the press release that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 110.

111. Defendants admit that on or about November 2023, EHang posted a presentation on its website that Plaintiff calls the "November 2023 Presentation." Defendants deny any characterization of the presentation that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 111.

112. Defendants are not required to respond to the allegations in paragraph 112 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

113. Defendants are not required to respond to the allegations in paragraph 113 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

114. Defendants deny the allegations in paragraph 114.

115. Defendants are not required to respond to the allegations in paragraph 115 concerning United Therapeutics because the Court dismissed the claim based on those allegations, and, on that basis, deny them.

116. Defendants admit that a slide in the October 2023 Presentation referenced certain companies, including DHL, Vodafone, Ambular, and Shenzhen East General Aviation. Defendants deny any characterization of the slide that is inconsistent with its content. Except as expressly admitted, Defendants deny the allegations in paragraph 116.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

17

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMX)

117. Defendants admit that on or around May 16, 2019, EHang issued a press release titled "DHL-Sinotrans and EHang jointly launch first fully-automated and intelligent urban drone delivery solution in China" that contained the words quoted in paragraph 117. Defendants admit that EHang posted a video to its YouTube account titled "DHL & EHang jointly launched AAV Delivery Solution." Defendants deny any characterization of the press release or video that is inconsistent with their contents. Except as expressly admitted, Defendants deny the allegations in paragraph 117.

118. Defendants admit that EHang held an earnings call on or around August 25, 2020. Defendants deny any characterization of the earnings call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 118.

119. Defendants admit that on or around October 15, 2021, EHang issued a press release titled "Chinese Premier Visited EHang Exhibition Booth at the China Import and Export Fair" that contained the words quoted in paragraph 119. Defendants deny any characterization of the press release that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 119.

120. Defendants admit that on or around October 18, 2019, EHang issued a press release titled "EHang Announces Strategic Partnership with Vodafone to Collaborate on Urban Air Mobility" that contained the words quoted in paragraph 120, although text has been removed and replaced with an ellipsis. Defendants deny any characterization of the press release that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 120.

121. Defendants admit that on or around August 21, 2020, EHang issued a press release titled "EHang Joins International Project to Develop Air Ambulance" that contains the words quoted in paragraph 121. Defendants deny any

characterization of the press release that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 121.

122.   Defendants admit that the press release contained the words quoted in paragraph 122. Defendants deny any characterization of the press release that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 122.

123.   Defendants admit that on or around September 15, 2021, EHang issued a press release titled "EHang Partners with HELI-EASTERN for Urban Air Mobility Operations in Integrated Airspace in Shenzhen" that contained the words quoted in paragraph 123, although text has been removed and replaced with an ellipsis. Defendants deny any characterization of the press release that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 123.

124.   Defendants admit that EHang held an earnings call on or around December 2, 2021. Defendants deny any characterization of the earnings call that is inconsistent with the transcript. Except as expressly admitted, Defendants deny the allegations in paragraph 124.

125.   Defendants deny the allegations in the first sentence of paragraph 125. Defendants admit that the Hindenburg Report contains the language quoted in paragraph 125, but emphasis has been eliminated from certain text. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 125.

126.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 about the decisions or actions of another company, and on that basis, deny them.

127.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 about what anyone may have

announced or any news that may have been reported concerning the issues discussed in paragraph 127, and, on that basis, deny them.

128.  Defendants admit that the Hindenburg Report contains the language quoted in paragraph 125, without bracketed alterations and with different emphasis. Defendants deny any characterization of the Hindenburg Report that is inconsistent with its contents. Except as expressly admitted, Defendants deny the allegations in paragraph 128.

129.  In response to paragraph 129, Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23. The remainder of paragraph 129 sets forth Plaintiff's proposed class definition and does not require a response; to the extent that a response is required, Defendants deny the allegations in paragraph 129.

130.  The allegations in paragraph 130 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

131.  The allegations in paragraph 131 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

132.  The allegations in paragraph 132 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

133.  The allegations in paragraph 133 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

134.  The allegations in paragraph 134 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

.

135.   The allegations in paragraph 135 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

136.   The allegations in paragraph 136 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

137.   The allegations in paragraph 137 are legal conclusions to which no response is required. To the extent the allegations are deemed to be factual allegations, Defendants deny them.

138.   Defendants repeat each and every response set forth above as if stated in full here.

139.   Defendants admit that Plaintiff purports to assert claims against Defendants under Sections 10(b) of the Exchange Act and SEC Rule 10b-5. Except as expressly admitted, Defendants deny the allegations in paragraph 139.

140.   Defendants deny the allegations in paragraph 140.

141.   Defendants deny the allegations in paragraph 141.

142.   Defendants deny the allegations in paragraph 142.

143.   Defendants deny the allegations in paragraph 143.

144.   Defendants deny the allegations in paragraph 144.

145.   Defendants deny the allegations in paragraph 145.

146.   Defendants deny the allegations in paragraph 146.

147.   Defendants deny the allegations in paragraph 147.

148.   Defendants repeat each and every response set forth above as if stated in full here.

149.   Defendants deny the allegations in paragraph 149.

150.   Defendants deny the allegations in paragraph 150.

151.   Defendants deny the allegations in paragraph 151.

152.   Defendants deny the allegations in paragraph 152.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

21

## PRAYER FOR RELIEF

The paragraph in this section titled "Prayer for Relief" is Plaintiff's statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations, including but not limited to denying that Plaintiff is entitled to judgment and that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

The paragraph in this section titled "Demand For Trial By Jury" is Plaintiff's demand for a jury trial, to which no response is required.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the causes of action in the Complaint, and without assuming any burden of proof that would otherwise rest on Plaintiff, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Safe Harbor)

The Complaint, and each and every cause of action alleged therein, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Defendants' public filings with the SEC and as referenced or incorporated during investor conference calls, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; were not false when made, were made in good faith, and had a reasonable basis when made; or were not made with actual knowledge that the statements were false or misleading when made. All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

**SECOND AFFIRMATIVE DEFENSE**

**(Bespeaks Caution)**

The Complaint, and each and every cause of action alleged therein, is barred to the extent Plaintiff's allegations are based on forward-looking statements accompanied by cautionary statements that precisely and directly addresses such statements.

**THIRD AFFIRMATIVE DEFENSE**

**(Available Information)**

The Complaint, and each and every cause of action alleged therein, is barred because the facts alleged to have been misrepresented or omitted were known to, received by, or otherwise publicly available to Plaintiff, members of the putative class, and the securities markets generally. Additionally, the Complaint, and each and every cause of action alleged, is barred because the facts alleged to have been misrepresented or omitted were rebutted by contrary information (including both public and non-public information) that was known to, received by, or otherwise publicly available to Plaintiff and the securities markets generally.

**FOURTH AFFIRMATIVE DEFENSE**

**(Truth on the Market)**

The Complaint, and each and every cause of action alleged therein, is barred because the market had already become aware of the allegedly concealed information at the relevant time, such that the facts allegedly omitted by Defendants were already reflected in the stock's price.

**FIFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

The Complaint, and each and every cause of action alleged therein, is barred because Plaintiff was expressly advised in statements made to them, including in documents and otherwise, regarding the material facts concerning their investment.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

23

**DEFENDANTS' ANSWER TO COMPLAINT**
**2:23-CV-10165-MWC (DFMx)**

Plaintiff therefore assumed the risk of any loss and is estopped from recovering any relief.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE

### (15 U.S.C. § 74u-4(e))

If it should be determined that Plaintiff has been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e).

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Defense to Controlling Person Liability)

The Complaint, and each and every cause of action alleged therein, is barred because Defendants acted in good faith and did not directly or indirectly induce the violation that led to the economic injury.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend or supplement their Answer, defenses and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any crossclaims, counterclaims and/or third-party claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enter judgment as follows:

1. That Plaintiff take nothing by the Complaint;

2. For costs, attorneys' fees and expert witness fees;

3. For judgment in favor of Defendants; and

4. For such other and further relief as this Court deems just and proper.

COOLEY LLP
ATTORNEYS AT LAW
NEW YORK

DEFENDANTS' ANSWER TO COMPLAINT
2:23-CV-10165-MWC (DFMX)

## JURY DEMAND

Defendants demand a trial by jury.

Dated:        June 5, 2025                COOLEY LLP


                                          By: */s/ Koji F. Fukumura*
                                                Koji F. Fukumura

                                          Attorneys for Defendants