# EXHIBIT 5



**The Rosen Law Firm**

**I N V E S T O R   C O U N S E L**

Laurence M. Rosen
lrosen@rosenlegal.com

August 9, 2022

*<u>Via ECF</u>*

The Honorable Claire C. Cecchi
Martin Luther King Building
50 Walnut Street
Courtroom 5B
Newark NJ 07101

   Re:  *<u>Vanderhoef v. China Auto Logistics, Inc., et al.</u>*, No. 2:18-cv-10174-CCC-ESK

Dear Judge Cecchi:

  We represent Lead Plaintiffs Zhengyu He, Harold Brooks Moss, and Andrew Pagliara ("Plaintiffs") in the above-referenced action. We write pursuant to Federal Rule of Civil Procedure 41(a)(2) to request that the Court enter the attached [Proposed] Order dismissing this Action. A summary of the procedural history of this action leading to Plaintiffs' request for dismissal follows.

  On November 21, 2018, Plaintiffs filed the operative Amended Complaint for Violation of the Federal Securities Laws ("Complaint") (Dkt. No. 17) asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Defendants Tong Shiping, Wang Xinwei, Cheng Weihong, Lv Fuqi, Yang Lili, Bai Shaohua ("Chinese Defendants," who are each located in the People's Republic of China), China Auto Logistics Inc. ("CALI"), and Howard S. Barth ("Barth"). On January 22, 2019, CALI filed a motion to dismiss the Complaint (Dkt. No. 32), which Plaintiffs opposed. On May 14, 2020, Barth and the Chinese Defendants filed a motion to dismiss the Complaint (Dkt. No. 93), which Plaintiffs opposed. On August 31, 2020, the Court denied CALI's motion to dismiss (Dkt. No. 106).

  On September 23, 2020, counsel for CALI moved to withdraw from their representation of CALI due to CALI's failure to make payments owed to counsel or to engage in communications with counsel (Dkt. No. 110). The Court granted the motion to withdraw on October 22, 2020 (Dkt. No. 118). On November 24, 2020, after CALI failed to timely file an answer to the Complaint or retain new counsel pursuant to the Court's order, Plaintiffs filed a request for default against CALI (Dkt. No. 119), which the Clerk of Court granted on December 1, 2020. On November 25, 2020, counsel for the Chinese Defendants notified this Court that CALI had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Nevada (Dkt. No. 120).

  On July 30, 2021, the Court denied the Barth's and the Chinese Defendants' motion to dismiss (Dkt. No. 123). On August 27, 2021, Barth and the Chinese Defendants filed their respective answers to the Complaint (Dkt. Nos. 126-127).

---

THE ROSEN LAW FIRM, P.A. ♦ ONE GATEWAY CENTER, SUITE 2600 ♦ NEWARK, NJ 07102 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399

1

On August 30, 2021, counsel for the Chinese Defendants moved to withdraw from their representation of the Chinese Defendants due to failure to make payments owed to counsel or to engage in communications with counsel (Dkt. Nos. 128-29). On August 30, 2021, counsel for Barth moved to withdraw from representation of Barth due to failure to make payments owed to counsel (Dkt. No. 130), which motion was amended on September 3, 2021 (Dkt. No. 132). On October 20, 2021, the Court granted the motions to withdraw (Dkt. No. 133).

Barth has since retained new counsel, but CALI and the Chinese Defendants have not. Counsel for Plaintiffs have attempted to contact the Chinese Defendants and their representatives, *see* Dkt. No. 137 (joint status report detailing the efforts of Plaintiffs' counsel), but have had no success in doing so.

On July 21, 2022, Plaintiffs and Barth entered into a Settlement Agreement and Mutual Release ("Settlement Agreement") to settle and release Plaintiffs' claims against Barth in this Action. The issuance of further notice of the settlement and dismissal is not necessary as Plaintiffs are settling and dismissing their individual claims and the putative class has not been certified.

Therefore, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs request that the Court enter the attached [Proposed] Order, stating that:

1. This Action is dismissed with prejudice as to Barth and without prejudice as to CALI and the Chinese Defendants;

2. The Court retains jurisdiction for the sole purpose of enforcing the Settlement Agreement.

3. All parties are to bear their own costs, fees, and expenses.

4. No notice of this dismissal or the Settlement Agreement is required as: (a) Plaintiffs are settling and dismissing their individual claims; and (b) the putative class has not been certified.

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Laurence M. Rosen*
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817

THE ROSEN LAW FIRM, P.A. ♦ ONE GATEWAY CENTER, SUITE 2600 ♦ NEWARK, NJ 07102 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399

2

Fax: (212) 202-3827
Email: pkim@rosenlegal.com
jbaker@rosenlegal.com

*Lead Counsel for Plaintiffs*

cc: All counsel of record

Encl.

THE ROSEN LAW FIRM, P.A. ♦ ONE GATEWAY CENTER, SUITE 2600 ♦ NEWARK, NJ 07102 ♦ TEL: (973) 313-1887 ♦ FAX: (973) 833-0399

3

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

TRACY VANDERHOEF,
Individually and On Behalf of All
Others Similarly Situated,

    Plaintiff,

    v.

CHINA AUTO LOGISTICS INC.,
TONG SHIPING, and WANG
XINWEI,

    Defendants.

Case No: 2:18-cv-10174-CCC-SCM

Honorable Claire C. Cecchi, U.S.D.J.

Honorable Steven C. Mannion, U.S.M.J.

_____

# BRIEF IN SUPPORT OF MOTION FOR LEAVE
# TO WITHDRAW AS COUNSEL FOR
# DEFENDANT CHINA AUTO LOGISTICS, INC.

_____

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Tel: (973) 848-4000
70 West Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
*Attorneys for Defendant China Auto Logistics, Inc.*

GEORGE P. BARBATSULY
MEGHAN T. MEADE
PAUL J. WALSEN (admitted *pro hac vice*)
NICOLE C. MUELLER (admitted *pro hac vice*)
 On the Brief

# **TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ........................................................................1

II.  FACTUAL BACKGROUND.............................................................................1

    A.   Procedural Background ...........................................................................1

    B.   Movants' Representation of CALI.........................................................3

III. LEGAL ARGUMENT .....................................................................................4

IV.  CONCLUSION.................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barna Capital Group Ltd., v. Shiping, et al.*,
    No. A-18-772474-C (Clark County, Nev.)......................................................3, 4

*Cuadra v. Univision Comms.*,
    No. 09-4946, 2012 U.S. Dist. LEXIS 48431 (D.N.J. Apr. 4, 2012) ...................4

*Haines v. Liggett Group, Inc.*,
    814 F. Supp. 414, 423 (D.N.J. 1993)................................................................4, 5

*Rusinow v. Kamara*,
    920 F. Supp. 69, 71 (D.N.J. 1996)...................................................................4, 5

## Other Authorities

Rule 1.16 of the New Jersey Rules of Professional Conduct ....................................5

Rule 102.1 of the Local Rules for the United States District Court of
    New Jersey .............................................................................................................4

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-
    4(3)(B) ...............................................................................................................2, 7

ii

## I.  PRELIMINARY STATEMENT

Paul J. Walsen, George P. Barbatsuly, Nicole C. Mueller, and Meghan T. Meade (collectively, the "Movants") are attorneys with the law firm of K&L Gates LLP, officed at One Newark Center, 10th Floor, Newark, New Jersey 07102 and 70 West Madison Street, Suite 3100, Chicago, Illinois 60602 ("K&L Gates" or the "Firm"). Together they are counsel of record for China Auto Logistics, Inc. ("CALI") in this action. The Movants seek leave to withdraw from this matter for the reasons set forth below.

## II.  FACTUAL BACKGROUND

### A.  Procedural Background

Lead Plaintiffs Zhengyu He, Harold Brooks Moss, and Andrew Pagliara ("Plaintiffs") filed their Amended Class Action Complaint (the "Am. Compl.") on November 21, 2018 alleging violations of federal securities laws [ECF No. 17].  In particular, the Am. Compl. alleges that CALI and a number of current and/or former officers and/or directors of CALI violated Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder and Section 20(a) of the Securities Exchange Act after CALI purportedly was "coopted by its controlling insiders to siphon off the Company's profits through undisclosed related party transactions." (Am. Compl. [ECF No. 17] at ¶ 2.)

1

In addition to CALI, eight former and current officers and/or directors were named as individual defendants (the "Individual Defendants"). The Individual Defendants are represented in this action by other counsel.

Discovery has been stayed pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(3)(B) (the "PSLRA") pending the resolution of motions to dismiss.  *See* Pretrial Scheduling Order [ECF No. 39].  (Alternative service was effected upon the Individual Defendants after the Pretrial Scheduling Order was entered.  [ECF Nos. 63-70]  Plaintiffs and the Individual Defendants later stipulated that the Pretrial Scheduling Order applied equally to the Individual Defendants [ECF No. 77].)

CALI filed a motion to dismiss the Amended Complaint on January 22, 2019 [ECF No. 32] ("CALI's Motion to Dismiss").  Briefing on CALI's Motion to Dismiss was completed on April 22, 2019, prior to the entry of the Court's order dated August 19, 2019 appointing mediator Sheryl M. Goski [ECF No. 53]. The August 19, 2019 order administratively terminated the Motion to Dismiss.  The parties subsequently conducted court-ordered mediation over two days in December 2019 and January 2020 in Newark and New York City. Mediation efforts were ultimately unsuccessful, and the Motion to Dismiss was reinstated on March 19, 2020.

2

The Individual Defendants filed their own motion to dismiss on May 14, 2020 [ECF No. 93] (the "Individual Defendants' Motion to Dismiss"). The Individual Defendants' Motion to Dismiss was fully briefed as of August 10, 2020 [ECF Nos. 103-104].

The Court denied CALI's Motion to Dismiss on August 31, 2020 [ECF Nos. 105-106]. The Individual Defendants' Motion to Dismiss remains pending. The Court referred the parties back to mediation on September 1, 2020 [ECF No. 107]. CALI's answer is currently due on September 28, 2020. Discovery has not yet commenced, and no trial date has been set.

## B.    Movants' Representation of CALI

Movants have represented CALI in this matter since CALI first appeared in August 2018. Movants' work on behalf of CALI has also included representation of CALI in related putative shareholder derivative litigation in Clark County, Nevada styled *Barna Capital Group Ltd., v. Shiping, et al.*, No. A-18-772474-C (the "Barna Derivative Litigation"), which concluded in favor of the defendants earlier this year. The allegations made by the plaintiff in the Barna Derivative Litigation are featured in the Am. Compl. in this matter. *See* Am. Compl., Dkt. No. 17, at ¶¶ 7-8, 41-42, 51-69, 131.

CALI has failed since November 2019 to pay for legal services performed by K&L Gates attorneys on its behalf in this litigation and in the Barna Derivative

3

Litigation. As of the date of this Motion, CALI's unpaid invoices total more than $250,000. Additional confidential factual bases underlying this Motion are set forth in the Declaration of Paul J. Walsen (the "Walsen Decl.").[1]

## III. LEGAL ARGUMENT

Local Civil Rule 102.1 provides that an attorney may withdraw an appearance with leave of court. Whether to permit an attorney to withdraw is within the discretion of the court. *Cuadra v. Univision Comms.*, No. 09-4946, 2012 U.S. Dist. LEXIS 48431 (D.N.J. Apr. 4, 2012) ("Whether or not to grant withdrawal is within the discretion of a court"); *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996) (same).

In determining whether the Court will grant withdrawal, the Court considers the following factors: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993)

---

[1] The Walsen Decl. describes confidential communications between K&L Gates and CALI that relate to the representation of CALI by K&L Gates in this matter and in the Barna Derivative Litigation. The Movants seek to preserve the confidentiality of these communications. Accordingly, as set forth in the Notice of Motion for Leave to Withdraw as Counsel for Defendant China Auto Logistics, Inc., Movants request permission to tender the Walsen Decl. to the Court for an *in camera* review.

(internal citations omitted). The Court also considers the criteria set forth in Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC 1.16"). *Rusinow*, 920 F. Supp. at 71; *Haines*, 814 F. Supp. at 22. In pertinent part, RPC 1.16 provides that "[e]xcept as stated in [RPC 1.16(c)], a lawyer . . . may withdraw from the representation of a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or] the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . . ." RPC 1.16(b)(5)-(6).[2]

Applying these standards, the Court should grant the Movants leave to withdraw. CALI has failed to fulfill a fundamental obligation to counsel regarding counsel's services by failing to pay invoices totaling more than $250,000 over the course of more than ten (10) months. Additional factual bases underlying this Motion are set forth in Walsen Decl. Requiring the Movants to continue representing CALI will result in an unreasonable financial burden on the Movants and K&L Gates.

---

[2] RPC 1.16(c) provides that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

Rocky Lee, an attorney based in Beijing, serves as CALI's *de facto* outside counsel. Mr. Lee is a partner at the King & Wood Mallesons law firm. As detailed in the Walsen Decl., Mr. Lee has personally attended court-ordered mediations conducted in this matter in Newark and New York City. The Movants also have communicated on a more limited basis by email with Mr. Xing Tong, the Corporate Secretary of CALI, who also was present in person for the mediation session conducted in New York City earlier this year. CALI's last known address is No. 87 No-8 Coastal Way, Floor 2, Construction Bank FT2, Tianjin, China. A file-stamped copy of this Motion will be sent to Mr. Lee and Mr. Tong by email.

The Movants have reiterated to CALI the necessity of fulfilling its obligations to counsel. Furthermore, over the last several months, the Movants also have repeatedly made clear to Mr. Lee and Mr. Tong that in light of CALI's failure to fulfill its obligations, the Movants would ultimately have to seek leave to withdraw from representing CALI, and that CALI would have to hire new counsel to represent it in this matter. Despite Movants' repeated attempts to have CALI pay its outstanding invoices and so permit Movants to continue to represent it, CALI has not done so.

Movants delayed filing this Motion in order to allow CALI to attempt to obtain substitute counsel but were informed by Mr. Lee that attempts to find replacement counsel have been unsuccessful. *See* Walsen Decl. However, Movants

now seek permission to withdraw from its representation of CALI in this litigation in order that they not be forced to incur further unpaid fees.

The only current deadlines in this case are the Court's September 1, 2020 order referring this matter back to mediation [Dkt. No. 107]; and CALI's deadline to answer the Complaint, which is currently set as September 28, 2020. (*See* Clerk's Text Order dated September 15, 2020.)  A status hearing is scheduled for October 1, 2020 at 10:00 a.m. ET.  No trial date has been set in this matter and discovery was previously stayed pursuant to the PSLRA, pending the resolution of the Defendants' motions to dismiss.  Accordingly, no delay in the resolution of this matter or harm to the administration of justice will result from the withdrawal sought by the Movants.  Movants reasonably believe that its withdrawal at this time—after the Court's ruling on the motions to dismiss but before mediation or fact discovery begins in earnest—will result in the least possible interruption to the progress of this case while also permitting Movants to avoid incurring even greater unpaid fees and expenses.

Finally, Movants seek to withdraw from the representation of CALI in this matter for good cause. The requested withdrawal is not sought for purposes of delay.

## IV.  CONCLUSION

For the reasons stated herein, Paul J. Walsen, George P. Barbatsuly, Nicole C. Mueller, Meghan T. Meade and K&L Gates LLP respectfully request the Court

7

enter an order permitting counsel to withdraw from this case as counsel for Defendant China Auto Logistics, Inc. and grant such other and further relief to which counsel may show themselves justly entitled.

Dated: September 23, 2020

Respectfully submitted,

 /s/ George P. Barbatsuly
George P. Barbatsuly

George P. Barbatsuly
Meghan T. Meade
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Tel: (973) 848-4000
Email:
george.barbatsuly@klgates.com
meghan.meade@klgates.com

Paul J. Walsen (admitted *pro hac vice*)
Nicole C. Mueller (admitted *pro hac vice*)
**K&L Gates LLP**
70 West Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Email: paul.walsen@klgates.com
nicole.mueller@klgates.com

*Attorneys for Defendant China Auto Logistics, Inc.*

8

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINA AUTO LOGISTICS INC., et al., <br><br> Defendants. | Case No: 2:18-cv-10174-CCC-SCM <br><br> Honorable Claire C. Cecchi, U.S.D.J. <br> Honorable Edward S. Kiel, U.S.M.J. <br><br><br> **DECLARATION IN SUPPORT OF MOTION TO WITHDRAW** |

I, PAUL E. PARAY, make the following Declaration, pursuant to 28 U.S.C. § 1746:

1.  I presently serve as local counsel for Defendants Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong, and Wang Xinwei (collectively "Individual Defendants") in this matter. During my entire engagement – which began in January 2020, I have not obtained contact information for the Individual Defendants or have been able to speak with my clients. I have reached out on numerous occasions with other counsel for the Individual Defendants and have not been able to obtain current contact information for the Individual Defendants. Without having their current contact information and being able to communicate directly with the Individual Defendants and confirm their willingness to pay going forward, I'm unable to provide proper representation and must withdraw as their counsel. As of August 30, 2021, there is an outstanding invoice and a slight amount due that has yet to be paid. More importantly, the retainer has been depleted and there is no indication it will ever be replenished.

2. By failing to cooperate in their defense, the Individual Defendants have failed to fulfill several fundamental obligations to counsel regarding counsel's services. Specifically, the retainer agreement requires that the Individual Defendants comply as follows:

- to be truthful with us and **cooperate fully with us in the matters in which we represent you**;
- **to provide us promptly with all information and documentation available to you that is relevant to our representation, and to keep us informed of new information and developments relevant to our representation when you become aware of them**;
- to appear when necessary at depositions, hearings, and other legal proceedings;
- **to keep us apprised of your location and contact details**
- **to pay for our services and expenses as provided in this Agreement**.

Exhibit "A", attached hereto (emphasis added).

3. Pursuant to this retainer agreement, I can withdraw as counsel upon written notice. *See* Exh. "A", Section III ("PLG may terminate this Agreement and withdraw its representation of you at any time upon written notice effective upon receipt by you and to the extent permitted by law.").

4. As regards this matter, I have only been able to communicate with lead counsel for the Individual Defendants in Nevada, Michael Gayan, and Rocky Lee, an attorney based in Beijing, who serves as outside counsel to Defendant China Auto Logistics Inc. ("CALI") – a company that filed for bankruptcy during the pendency of this matter. Mr. Lee is a partner at the King & Wood Mallesons law firm. On August 24, 2021, Mr. Lee informed me that he could not speak for the Individual Defendants and directed me to Mr. Tongxin – who was, in turn, was informed by me on August 26, 2021 as to the reasons for the pending motion to withdraw. *See* Exhibit "B", attached hereto.

5.      Specifically, Mr. Tongzin was informed as follows:

> My firm will move to Withdraw given there has been no cooperation with the clients, including any communications necessary for a proper representation. Such conduct is also in violation of the retainer agreement. Moreover, there is no indication that the Individual Defendants are either able to or willing to pay for legal expenses incurred – also in violation of the retainer agreement. Given these violations of the retainer agreement, my firm has no choice but to withdraw as counsel.

Exh. "B".

6.      Pursuant to the retainer agreement, Mr. Tongxin – who is not even one of the Individual Defendants but apparently signed the retainer agreement on their behalf, was given notice of my decision to withdraw as counsel. In addition, I recently drafted and filed the Individual Defendants' Answer to the Amended Complaint so that the Individual Defendants would have sufficient time to locate suitable counsel prior to the upcoming conference call with Judge Kiel scheduled for October 20, 2021. And finally, Mr. Gayan recently served Plaintiffs with court-ordered initial discovery in preparation for the October hearing. Accordingly, there is currently no discovery owed to Plaintiffs by the Individual Defendants and no outstanding court committment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

/s/ Paul E. Paray
PAUL E. PARAY

Dated:  August 30, 2021

# EXHIBIT "A"

# PARAY LAW GROUP, LLC

**65 Harristown Road, Suite 208**
**Glen Rock, NJ 07452**
**TEL: (201) 281-5134**
**FAX: (201) 301-9171**
**www.paray.com**

WRITER'S E-MAIL
paulp@paraylaw.com

January 14, 2020

**Via E-mail (m.gayan@kempjones.com)**

**Privileged and Confidential**
**Attorney-Client Communication**

Lv Fuqi, Yang Lili,
Bai Shaohua, Tong Shiping, Cheng Weihong,
and Wang Xinwei c/o
Michael J. Gayan, Esq.
Kemp, Jones & Coulthard, LLP
3800 Howard Hughes Parkway, 17th Fl.
Las Vegas, NV 89169

Re:     *Vanderhoef v. China Auto Logistics Inc*., *et al*.,
        Case No: 2:18-cv-10174-CCC-SCM

Dear Michael:

Further to our recent conversation and correspondence, I am sending this agreement setting forth the terms under which Paray Law Group, LLC ("PLG") is willing to represent Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong, and Wang Xinwei ("Individual Defendants" or "you") as local counsel in a federal matter pending before Judge Cecchi styled *Vanderhoef v. China Auto Logistics Inc*., *et al*. ("the Matter").  Our representation expressly does not include tax legal advice or other representation other than the Matter.

PLG agrees to represent you subject to the foregoing and the following terms and conditions:

## I.      Scope of Representation
A.      PLG's representation under this Agreement is limited solely to the Matter.

B.      PLG's representation is not continuing unless agreed upon in writing.  Changes may occur in the applicable laws or regulations after PLG renders advice and these changes could affect your rights and liabilities in the future.  Unless you engage us to provide additional advice or a continuing representation, we have no continuing obligation to advise you with respect to future legal developments on any matter.

## II.     Fees

A.      PLG bills out at an hourly rate of $400 for partner time and $300 an hour for associate time.   Paul Paray will be lead counsel in this matter and it is not anticipated that any other attorney will be used for this engagement.  It is agreed that there will be a retainer of ▮▮▮▮▮▮ for the Matter.  To that end, within five days of the execution of this Agreement, a retainer of ▮▮▮▮▮ should be sent via wire transfer to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮.  Upon receipt of the funds, work will be commenced.  Upon depletion of this retainer, it shall be replenished at the discretion of PLG.



B.       You will be billed for the costs reasonably expended in connection with this engagement such as court filing fees, travel (see below), deposition fees, jury fees, notary fees, messengers, expert witness fees, mediator or arbitrator fees (see below), and other direct expenses.  We will obtain your approval before undertaking travel, engaging the services of others (such as consultants, appraisers, experts, and local counsel), or incurring unusual expenses such as large printing or copying orders.  Where feasible, such charges will be billed directly to you for timely payment.

Travel:   Travel expenses will normally include the cost of local or long-distance transportation (including automobile mileage at the then-current business mileage rate adopted for US federal tax purposes), meals, lodging (for out-of-town travel), and any other reasonable and necessary travel expenses.

Experts, Consultants and Investigators:  To aid in our representation of you, it may be necessary to hire expert witnesses, consultants, or investigators.  We will consult with you on the necessity and expense of such arrangements and, if you agree to hire expert witnesses, consultants, or investigators, we will select the appropriate persons and inform you of their qualifications and charges.  Unless we agree otherwise, you will pay their fees and expenses directly.  If a matter proceeds to court action or arbitration, you may also be obliged to pay fees and/or costs to other parties in the action or to a special master, court-appointed expert, mediator, or arbitrator.

## III.     Termination

You may terminate this Agreement at any time by written notice, which will be effective upon receipt by PLG of such notice.  PLG may terminate this Agreement and withdraw its representation of you at any time upon written notice effective upon receipt by you and to the extent permitted by law.

**Michael J. Gayan, Esq.**
**January 14 , 2020**
**Page 3 of 4**

### IV. Waiver and Consent

You represent that you understand the matters set forth herein and determine that the terms of this Agreement are fair and reasonable. You further understand that you may withhold your consent to this Agreement, but that by its execution, you consent and agree to the terms herein. Moreover, you have represented that you have obtained the advice of outside counsel before entering into this Agreement.

### V. Entire Agreement

This Agreement constitutes the entire agreement between the parties and supersedes and merges all prior proposals, understandings and all other agreements, oral or written, between the parties related to the subject matter of this Agreement.

### VI. Disclaimer of Guarantee

Nothing in this Agreement, and nothing in our statements to you, shall be construed as a promise or guarantee about the outcome of the matters in which we represent you. We make no such promises or guarantees, and our comments about the outcome of any matters are expressions of opinion only.

### VII. Client Responsibilities

You agree to the following conditions of our engagement:

- to be truthful with us and cooperate fully with us in the matters in which we represent you;
- to provide us promptly with all information and documentation available to you that is relevant to our representation, and to keep us informed of new information and developments relevant to our representation when you become aware of them;
- to appear when necessary at depositions, hearings, and other legal proceedings;
- to keep us apprised of your location and contact details
- to pay for our services and expenses as provided in this Agreement.

### VIII. Waiver and Modification

No modification of any of the terms of this Agreement will be valid unless in writing and signed by both parties. No waiver by either party of a breach hereof shall be deemed a waiver by such party of any subsequent breach.

### IX. Severability

In the event any of the provisions of this Agreement is declared by a court of competent jurisdiction to be invalid, illegal, unenforceable or void then all parties shall be relieved of all obligations arising under such provision, but only to the extent that such provision is invalid, illegal, unenforceable, or void. If the remainder of this Agreement is capable of substantial performance, then each such provision not so affected shall be enforced to the extent permitted by law. In addition, if such invalid, illegal, unenforceable or void

Michael J. Gayan, Esq.
January 14, 2020
Page 4 of 4

provision of this Agreement can be re-written or interpreted so as to be valid, legal, enforceable and/or not void, then it shall be so re-written or interpreted.

If you have any questions about this Agreement, please feel free to call me.  If you are satisfied with the terms of this Agreement, please sign it and return it to us along with a wire transfer for the applicable retainer amount. We look forward to working with you.

Sincerely,

Paul E. Paray

**READ AND AGREED**

On Behalf of Individual Defendants

Date:

EXHIBIT "B"

**Subject:** Re: Vanderhoef v. Shiping

**Date:** Thursday, August 26, 2021 at 8:21:00 PM Eastern Daylight Time

**From:** Paul E. Paray

**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**CC:** Grace Jin, Michael Gayan

Mr. Tongxin,

Please note that we will file an Answer tomorrow on behalf of the Individual Defendants and will all move on Monday to Withdraw as Counsel. My firm will move to Withdraw given there has been no cooperation with the clients, including any communications necessary for a proper representation. Such conduct is also in violation of the retainer agreement. Moreover, there is no indication that the Individual Defendants are either able to or willing to pay for legal expenses incurred – also in violation of the retainer agreement. Given these violations of the retainer agreement, my firm has no choice but to withdraw as counsel.

I will draft and file the Answer primarily to allow the Individual Defendants some additional time to locate suitable counsel. Please do not interpret this action as my continued interest to move forward with this matter. Given the above violations of the retainer agreement, I have no choice but to withdraw.

Best, Paul


++++++++++++++++++++++++++++++

请注意，我们将于明天代表个人被告提交答辩书，并将于周一全部撤回担任法律顾问。鉴于与客户之间没有合作，包括进行适当代表所需的任何沟通，我的公司将转向撤回。这种行为也违反了聘用协议。此外，没有迹象表明个人被告能够或愿意支付所产生的法律费用——这也违反了聘用协议。鉴于这些违反聘用协议的行为，我公司别无选择，只能退出律师的职务。

我将起草和提交答辩书，主要是为了让个人被告有额外的时间来寻找合适的律师。请不要将此行为解释为我对推进此事的持续兴趣。鉴于上述违反聘用协议的行为，我别无选择，只能退出。

最好的，保罗


Paul E. Paray
Paray Law Group
65 Harristown Road, Suite 208
Glen Rock, NJ 07452
paulp@paraylaw.com
(201) 281-5134
Fax (201) 301-9171
www.paray.com


IMPORTANT NOTICE -- ATTORNEY-CLIENT PRIVILEGE & WORK PRODUCT RULE NOTICE

The information in this email (and any attachments hereto) is confidential and may be protected by legal privileges and work product immunities. If you are not the intended recipient, you must not read, use or disseminate the information. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. If you have received this e-mail in error, please immediately notify me by "Reply" command and permanently delete the original and any copies or printouts thereof. Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted for any loss or damage arising in any way from its use.



**From:** Lee, Rocky (Dacheng) <rocky.lee@cn.kwm.com>
**Sent:** Tuesday, August 24, 2021 8:23 AM
**To:** Paul E. Paray; Michael Gayan
**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮; Li, Ashley; Grace Jin
**Subject:** RE: Vanderhoef v. Shiping

Paul,
Apologies for my slow reply. We do not act for the individual defendants and the liaison has not responded to us. Mr. Tongxin cc'ed hereto is the liaison to the individuals. The company has filed for bankruptcy and our role is limited. We are unfortunately unable to give you guidance.

**Rocky Lee|李大诚**
**International Partner|国际合伙人**
**King & Wood Mallesons|金杜律师事务所**
D: +86 10 5878 5015 | M: +86 13810659091
rocky.lee@cn.kwm.com | www.kwm.com

This communication and any attachments are confidential and may be privileged.
本电子邮件仅为指定收件人使用并可能载有保密内容。若您误收到本电子邮件，请立即删除。

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHINA AUTO LOGISTICS INC., et al.,<br><br>Defendants. | Case No: 2:18-cv-10174-CCC-SCM<br><br>Honorable Claire C. Cecchi, U.S.D.J.<br>Honorable Edward S. Kiel, U.S.M.J. |

# BRIEF IN SUPPORT OF PAUL E. PARAY'S
# MOTION TO WITHDRAW AS COUNSEL

Paul E. Paray
Paray Law Group
65 Harristown Road, Suite 208
Glen Rock, NJ 07452
(201) 281-5134
paulp@paraylaw.com

Counsel for Defendants Lv Fuqi,
Yang Lili, Bai Shaohua, Tong Shiping,
Cheng Weihong, and Wang Xinwei

## **PRELIMINARY STATEMENT**

Despite representing Defendants Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong, and Wang Xinwei collectively the "Individual Defendants," since January 20, 2020, movant has only interacted with lead counsel and what was assumed to be the Individual Defendants' counsel in China. As it turns out such counsel in China only represents Defendant China Auto Logistics Inc. ("CALI") – a company that filed for bankruptcy during the pendency of this matter. Given that the Individual Defendants are either unable or unwilling to cooperate with movant, movant has no choice but to withdraw as counsel pursuant to the applicable retainer agreement and Rules.

## **ARGUMENT**

Under L. Civ. R. 102.1, an attorney may withdraw an appearance with leave of court. Whether to permit an attorney to withdraw is within the sound discretion of the court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). In determining whether the Court will grant withdrawal, the Court considers the following factors: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993).

The Court also considers the criteria set forth in Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC 1.16"). *Rusinow*, *supra*, 920 F. Supp. at 71; *Haines*, 814 F. Supp. at 22. In pertinent part, RPC 1.16 provides that "[e]xcept as stated in [RPC 1.16(c)], a lawyer . . . may withdraw from the representation of a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning

that the lawyer will withdraw unless the obligation is fulfilled; [or] the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client . . . ." RPC 1.16(b)(5)-(6).

Applying these standards, the Court should grant the movant leave to withdraw. The Individual Defendants have failed to fulfill a fundamental obligation to counsel regarding counsel's services by failing to provide current contact information or cooperate in their defense. Specifically, the retainer agreement requires that the Individual Defendants comply as follows:

> • to be truthful with us and cooperate fully with us in the matters in which we represent you;
> • to provide us promptly with all information and documentation available to you that is relevant to our representation, and to keep us informed of new information and developments relevant to our representation when you become aware of them;
> • to appear when necessary at depositions, hearings, and other legal proceedings;
> • to keep us apprised of your location and contact details
> • to pay for our services and expenses as provided in this Agreement.

Moreover, movant can withdraw as counsel pursuant to the retainer agreement. *See* Declaration of Paul E. Paray, dated August 30, 2021, Exhibit "A", Section III ("PLG may terminate this Agreement and withdraw its representation of you at any time upon written notice effective upon receipt by you and to the extent permitted by law.")

Movant has only been able to communicate with lead counsel in Nevada and Rocky Lee, an attorney based in Beijing, who serves as CALI's outside counsel. Mr. Lee is a partner at the King & Wood Mallesons law firm. On August 24, 2021, Mr. Lee informed movant that he could not speak for the Individual Defendants and directed him to Mr. Tongxin – who was, in turn, was informed by movant on August 26, 2021 as to the reasons for the pending motion to withdraw:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINA AUTO LOGISTICS INC., et al., <br><br> Defendants. | Case No: 2:18-cv-10174-CCC-SCM <br><br> Honorable Claire C. Cecchi, U.S.D.J. <br> Honorable Steven C. Mannion, U.S.M.J. <br><br> **DECLARATION IN SUPPORT OF** <br> **MOTION FOR LEAVE TO WITHDRAW** |

I, MICHAEL J. GAYAN, make the following Declaration pursuant to 28 U.S.C. § 1746:

1.      I am a partner at the law firm of Kemp Jones, LLP, ("Movant" or Kemp Jones") and counsel for Defendants Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong and Wang Xinwei ("Individual Defendants") in the above captioned action.

2.      I am duly admitted to practice law in the State of Nevada and via *pro hac vice* before this Court.

3.      I make this Declaration in support of Kemp Jones, LLP's Motion for Leave to Withdraw as Counsel for Individual Defendants.

4.      During my representation in this matter, I have never been provided with contact information for the Individual Defendants or communicated with any of the Individual Defendants. I have always communicated with individuals who have identified themselves as representatives of Individual Defendants.

5.      Likely due to the prior involvement of CALI's counsel, my communications with these representatives have at all times been limited to procedural issues and have never involved the substance of the allegations made in the Amended Complaint.

6.      Despite my many attempts to communicate, I have not received any meaningful communications from the client representatives for more than 11 months. Under these circumstances, I cannot provide proper representation for the Individual Defendants.

7.      In addition, the Individual Defendants have failed to compensate my firm for its services since the early months of 2020. The Individual Defendants currently owe Kemp Jones more than $45,000.00.

8.      I have informed the Individual Defendants' designated representatives on at least five (5) occasions, most recently on August 26, 2021, that I and my firm would move to withdraw if the communication issues did not improve and the past-due amounts were not paid. I received no meaningful response to any of those requests.

9.      Kemp Jones has continued to invoice the Individual Defendants for the work performed in this matter.

10.     All of Kemp Jones' attempts to collect payment from the Individual Defendants have failed.

11.     Furthermore, despite Kemp Jones obtaining a with-prejudice dismissal of all claims against them in the related Nevada action, *Barna Capital Group Ltd. v. Shiping, et al.*, Case No. A-18-772474-B (Nev. Dist. Ct. Clark Cnty., which was not appealed, the Individual Defendants have failed to pay Kemp Jones an additional $40,791.94 owed for work in that matter.

12.     Based on all of the above, I have no reason to anticipate the Individual Defendants will ever compensate Kemp Jones for its past or future legal services.

13.     Kemp Jones is a boutique firm with approximately 15 lawyers, and the Individual Defendants' non-payment of these amounts has burdened the firm.

14.     On August 17, 2021, I prepared and coordinated service of the Individual Defendants' initial disclosures to ensure compliance with this Court's Order.

15.     I will promptly email Individual Defendants a file-stamped copy of the instant Motion for Leave to Withdraw as Counsel for Individual Defendants.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 30, 2021.

/s/ Michael J. Gayan
MICHAEL J. GAYAN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY VANDERHOEF, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHINA AUTO LOGISTICS INC., et al., <br><br> Defendants. | Case No: 2:18-cv-10174-CCC-SCM <br><br> Honorable Claire C. Cecchi, U.S.D.J. <br><br> Honorable Steven C. Mannion, U.S.M.J. |

## BRIEF IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS LV FUQI, YANG LILI, BAI SHAOHUA, TONG SHIPING, CHENG WEIHONG, AND WANG XINWEI

**Kemp Jones, LLP**
3800 Howard Hughes Parkway, 17th Fl.
Las Vegas, NV 89169
(702) 385-6000
m.gayan@kempjones.com

*Counsel for Defendants Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong, and Wang Xinwei*

MICHAEL J. GAYAN, ESQ. (admitted *pro hac vice*)
    On the Brief

## I. PRELIMINARY STATEMENT

Michael J. Gayan ("Movant") is an attorney with the law office of Kemp Jones, LLP ("Kemp Jones") at 3800 Howard Hughes Parkway, 17th Floor, Las Vegas, Nevada 89169. Movant is counsel of record for Defendants Lv Fuqi, Yang Lili, and Bai Shaohua ("Director Defendants"), and Tong Shiping, Cheng Weihong, and Wang Xinwei ("Management Defendants"), collectively referred to herein as the "Individual Defendants."[1] Movant seeks to withdraw as counsel of record for Individual Defendants for the reasons set forth below.

## II. FACTUAL BACKGROUND

### A. Procedural Background

On November 21, 2018, Lead Plaintiffs Zhengyu He, Harold Brooks Moss, and Andrew Paglaira ("Plaintiffs") filed their Amended Complaint for alleged violations of Federal Securities Laws by China Auto Logistics, Inc. ("CALI") and former and current officer and/or directors thereof, including the Individual Defendants, along with Defendant Howard Barth ("Barth"). In particular, the Amended Complaint alleges that CALI and a number of current and/or former officers and/or directors violated Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder and Section 20(a) of the Securities Exchange

---

[1] The only individual defendant that Movant does not represent in this litigation is Defendant Howard Barth.

Act after CALI purportedly was "coopted by its controlling insiders to siphon off the Company's profits through undisclosed related party transactions." Am. Compl. [ECF No. 17] at ¶ 2.

On January 22, 2019, CALI filed its Motion to Dismiss. *See* ECF No. 32. Thereafter, on May 14, 2020, the Individual Defendants and Barth filed their own Motion to Dismiss. *See* ECF No. 93. Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(3)(B) (the "PSLRA"), discovery in this matter was stayed pending resolution of the motions to dismiss. On August 31, 2020, the Court denied CALI's Motion to Dismiss. *See* ECF No. 106. On October 22, 2020, the Court entered an order allowing CALI's counsel to withdraw from the case. *See* ECF No. 118.

On July 30, 2021, the Court denied the Individual Defendants and Barth's Motion to Dismiss. *See* ECF No. 123. The deadline to Answer was originally set for August 13, 2021, and later extended to August 27, 2021, pursuant to Individual Defendant's first and only Application for Extension of Time to Answer Pursuant to Local Civil Rule 6.1(b). *See* ECF No.125. On August 17, 2021, the Individual Defendants made their initial disclosures. *See* Gayan Decl. at ¶ 14.[2] On August 27, 2021, Individual Defendants timely answered. *See* ECF No. 126.

---

[2] Accompanying this memorandum is the Declaration of Michael J. Gayan.

2

**B.     Movant's Representation of the Individual Defendants**

Movant has represented Individual Defendants in this matter since the Court ordered that Plaintiffs may effect service on the Individual Defendants by mailing a copy of the amended complaint to Movant, as U.S. counsel for the Individual Defendants in the related derivative action, *Barna Capital Group Ltd. v. Shiping, et al.*, Case No. A-18-772474-B (Nev. Dist. Ct. Clark Cnty.). *See* ECF No. 63. Thereafter, on January 15, 2020, Movant filed his Notice of Motion for Admission Pro Hac Vice. On February 10, 2020, this Court issued its Order granting Movant's request for *pro hac* admission. *See* ECF No. 81.

Movant has never communicated with any of the Individual Defendants. *See* Gayan Decl. at ¶ 4. Movant has always communicated with individuals who have identified themselves as the Individual Defendants' representatives. *Id.* Likely due to the prior involvement of CALI's counsel, Movant's communications with these representatives have at all times been limited to procedural issues and have never involved the substance of the allegations made in the Amended Complaint. *Id.* at ¶ 5. Despite Movant's many attempts to communicate, Movant has not received any meaningful communications from the client representatives for more than 11 months. *Id.* at ¶ 6.

In addition, the Individual Defendants have failed to compensate Movant for his firm's services almost since the date his representation began. *See* Gayan Decl.

3

at ¶ 7. All of Kemp Jones' attempts to collect payment from the Individual Defendants have failed. *Id.* at ¶¶ 7-10. Currently, the Individual Defendants owe Kemp Jones more than $45,000 for its work in this case. *Id.* at ¶ 7.

Movant and Kemp Jones have no reasonable indication or expectation that Individual Defendants plan to bring their account current. *Id.* at ¶ 12. Despite Kemp Jones obtaining a with-prejudice dismissal of all claims against them in the related Nevada action, which was not appealed, the Individual Defendants have failed to pay an additional $40,791.94 owed for Movant's work in that matter. *Id.* at ¶ 11. Kemp Jones is a boutique firm with approximately 15 lawyers, and the Individual Defendants' non-payment of these amounts has burdened the firm. *Id.* at ¶ 13.

Movant has told the Individual Defendants' representatives on at least five (5) occasions that he and his firm would move to withdraw if the communication issues did not improve and the past-due amounts were not paid. *Id.* at ¶ 8. Movant received no meaningful response to any of his requests. *Id.*

## III.    LEGAL ARGUMENT

Under Local Civil Rule 102.1, the court may grant an attorney leave to withdraw an appearance of counsel. "Whether or not to grant withdrawal is within the discretion of a court." *Cuadra v. Univision Comms.*, No. 09-4946, 2012 U.S. Dist. LEXIS 48431 (D.N.J. Apr. 4, 2012); *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).

In determining whether to grant withdrawal, the court considers the following factors: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay resolution of the case." *Haines v. Liggett Group, Inc.*, 814 F. Supp. 414, 423 (D.N.J. 1993) (internal citations omitted). Additionally, the court considers the criteria set forth in Rule 1.16 of the New Jersey Rules of Professional Conduct ("RPC"). *See Rusinow*, 920 F. Supp. at 71; *Haines*, 814 F. Supp. at 22. Under RPC 1.16, "[e]xcept as stated in [RPC 1.16(c)], a lawyer… may withdraw from the representation of a client if… the client fails substantially to fulfill an obligation to the lawyer regarding the lawyers services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or] the representation will result in an unreasonable financial burden on the lawyer …" RPC 1.16(b)(5)-(6).

Under the factors articulated in *Haines*, as well as the criteria laid out under RCP 1.16, this Court should grant the Movant leave to withdraw. Movant cannot adequately represent the Individual Defendants as discovery proceeds if there are no communications between lawyer and client. Further, requiring Movant to continue as counsel for the Individual Defendants given their continued non-payment of amounts owed would result in an "unreasonable financial burden" on Movant's firm. *See* RCP 1.16. The Individual Defendants' account with Kemp Jones has remained

5

past due since the early months of 2020. *See* Gayan Decl. at ¶ 7. Despite multiple attempts to collect, the balance owed to Kemp Jones exceeds $45,000. *Id*. at ¶¶ 7–8.

Additionally, Kemp Jones has no indication or expectation that the Individual Defendants will make any more payments. *Id*. at ¶¶ 8-12. Movant has repeatedly informed the Individual Defendants' representatives that Kemp Jones can no longer act as counsel under these circumstances. *Id.* at ¶ 8. Despite these warnings, the Individual Defendants have failed to comply. Kemp Jones should not be forced to incur additional unpaid fees and costs.

Before filing this motion, Movant prepared and coordinated the service of the Individual Defendants' initial disclosures to ensure compliance with the Magistrate Judge's Order. *Id.* at ¶ 14. In addition, Movant's co-counsel, Mr. Paray, prepared and timely filed an Answer on behalf of the Individual Defendants. *See* ECF No. 126. Other than service of the initial disclosures, discovery has not commenced and the Court has not entered a scheduling order. Therefore, the Individual Defendants have the opportunity to seek alternate counsel as the case moves into the discovery phase. For these reasons, the requested withdrawal will not prejudice Plaintiffs, otherwise upset the administration of justice, or delay the case.

Finally, Movant's request to withdraw is brought in good faith and not for purposes of delay. Movant will email to Individual Defendants a file-stamped copy of the instant motion. Gayan Decl. at ¶ 15.

## IV. CONCLUSION

For the reasons stated herein, Kemp Jones respectfully requests the Court enter an Order permitting Movant to withdraw from this case as counsel for Individual Defendants, Lv Fuqi, Yang Lili, Bai Shaohua, Tong Shiping, Cheng Weihong, and Wang Xinwei.

Respectfully submitted,

Dated: August 30, 2021

*/s/ Michael J. Gayan*
Michael Gayan (*pro hac vice*)
Kemp Jones, LLP
3800 Howard Hughes Parkway, 17th Fl.
Las Vegas, NV 89169
Telephone: (702) 385-6000
Facsimile: (702) 385-6001
m.gayan@kempjones.com

*Counsel for Defendants Lv Fuqi, Yang Lili, Bai*
*Shaohua, Tong Shiping, Cheng Weihong,*
*and Wang Xinwei*