Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff and the Settlement Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHAN KUI ZHANG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EHANG HOLDINGS LIMITED, HUAZHI HU, RICHARD JIAN LIU, and XIN FANG,<br><br>Defendants. | Case No: 2:23-cv-10165-MWC (DFMx)<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTIONS FOR: (1) FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS; AND (2) AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO PLAINTIFF**<br><br>Hon. Michelle Williams Court<br><br>Hearing Date: January 9, 2026<br>Hearing Time: 1:30 PM<br>Courtroom: 6A |

Lead Plaintiff Zhan Kui Zhang ("Plaintiff") respectfully submits this reply memorandum in further support of Plaintiff's motions for: (1) Final Approval of Settlement, Plan of Allocation, and Final Certification of Settlement Class; and (2) an Award of Attorneys' Fees and Expenses and Award to Plaintiff.[1] ("Motions") (ECF Nos. 85 and 86).

## I.    INTRODUCTION AND STATEMENT OF FACTS

The Court-ordered deadline to object to the Settlement, Plan of Allocation, attorneys' fees and expenses, or to request exclusion from the Settlement Class has expired. Not a single objection or exclusion request was received. This unanimous support strongly favors final approval of the Motions.

Over 42,000 individual notices were distributed to potential Settlement Class Members, either as a mailed Postcard Notice or via email containing a link to the Long Notice and Claim Form.  Supp. Bravata Decl. ¶4.[2] The Claims Administrator, Strategic

---

[1] Capitalized terms take the same meaning provided in the Stipulation of Settlement ("Stipulation") (ECF No. 79). Citations to "Supp. Bravata Decl." are to the Supplemental Declaration of Josephine Bravata, filed herewith.

[2] The number of notices sent out usually far exceeds the actual number of Settlement Class Members because notices go to anyone who may have purchased EHang ADSs during the Class Period, regardless of when they sold or at what price. However, to qualify as a Settlement Class Member and receive payment from the Settlement, an investor must have suffered compensable damages—meaning they must have *held EHang ADSs through the end of the Class Period* (*i.e.,* through the alleged corrective disclosure). Investors who bought and sold during the Class Period before the corrective disclosure have no compensable damages because the artificial inflation in EHang ADSs had not yet been removed; in other words, they sold when EHang ADSs prices were still similarly inflated by the alleged fraud. Before notices are distributed and claims are filed and reviewed, it is impossible to determine which purchasers held their shares through the full 20-month Class Period and are therefore eligible for damages. In addition, because EHang ADS prices rebounded quickly after the corrective disclosure, some investors who held past that point also may not qualify for damages. This is due to the PSLRA's '90-Day Lookback' rule, which limits damages to the difference between the purchase price and the average trading price during the 90 days after the corrective disclosure. *See* 15 U.S.C. § 78u-4(e)(1).

Claims Services ("SCS"), also published the Summary Notice electronically over *GlobeNewswire*. (ECF No. 87-1, "Bravata Decl.") ¶11. In addition, SCS created a dedicated Settlement website that provided an online claim submission link and access to key case documents. Supp. Bravata Decl. ¶6. SCS has also maintained a toll-free telephone number to assist potential Settlement Class Members. *Id.* ¶5.

The December 19, 2025 deadline to submit claims, objections, and exclusion requests has passed. To date, Settlement Class Members have submitted 1,047 valid claims. *Id.* ¶¶7-9. SCS has not received any objections or requests for exclusion. *Id.*[3]

## II.    ARGUMENT

### A. The Reaction of the Settlement Class Supports Final Approval

The complete absence of objections or exclusion requests strongly affirms the Settlement Class's overwhelming approval and support for the Settlement.

Indeed, "[i]t is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Similarly, the lack of any requests for exclusion from the Settlement demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 0.56% of eligible class members requesting exclusion). *See also, In re Stable Rd. Acquisition Corp.*, 2024 WL 3643393, at *10 (C.D. Cal. Apr. 23, 2024) (one objection and four requests for exclusion "demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval."); *Zhou v. Faraday Future Intelligent Elec. Inc.*, 2024 WL 1245341, at *9 (C.D. Cal. Mar. 18, 2024) ("The absence of objections to the Settlement by almost all class members strongly supports approval."); *Kmiec v. Powerwave Techs., Inc.*, 2016 WL 5938709, at *4 (C.D. Cal.

---

[3] Nor has Lead Counsel received any objections or requests for exclusion.

July 11, 2016) ("The small number of objections and requests for exclusion supports final approval."); *Rodriguez v. W. Pub. Corp.*, 2007 WL 2827379, at *10 (C.D. Cal. Sept. 10, 2007), *aff'd in part, rev'd in part sub nom. Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ("The relatively low number of objectors supports a finding that the Settlement is adequate."); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement).

"[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Thus, the Settlement Class Member's positive reaction to the Settlement further supports final approval.

## B. The Reaction of the Settlement Class Also Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiff

The absence of any objections to the requested attorneys' fees, expenses, or award to Plaintiff also strongly reinforces the fairness and reasonableness of these requests. Courts consistently recognize that a lack of objection is compelling evidence of propriety. *See, e.g., Stable Rd.,* 2024 WL 3643393, at *14 ("[t]hat only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *Waldbuesser v. Northrop Grumman Corp.,* 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (court noting that the "lack of significant objections to the requested fees justifies an award of one-third of the settlement fund."); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("The lack of objection from any Class Member supports the attorneys' fees award.").

### III. NUMBER OF VALID CLAIMS RECEIVED TO DATE AND AVERAGE RECOVERY PER CLAIMANT

To date, 1,047 valid claims have been submitted. Supp. Bravata Decl., ¶9.[4] As such, the Settlement represents an average recovery of $1,895.89 per claimant.[5]

If the Court approves the requested attorneys' fees of 25% of the Settlement Fund ($496,250), reimbursement of litigation expenses of $57,048.70, and a $2,500 award to Plaintiff—together with a maximum deduction of $150,000 in Administrative Costs—the resulting Net Settlement Fund will be $1,279,201.30. Under that scenario, the average recovery per valid claim would be approximately $1,221.78.

\* \* \*

There have been no objections to any aspect of the Settlement, and no Settlement Class Member has indicated an intent to appear at the Settlement Hearing as stated in the Notice (ECF No. 87-1 at 9, 15). Accordingly, the Court may take the Motions under submission and enter the proposed orders:

- Order and Final Judgment (ECF No. 85-2),
- Order Approving Claims Administration Costs (ECF No. 85-3), and

[4] As noted in the Supp. Bravata Decl. (¶9 n.2), this figure is preliminary for several reasons. First, it is common for class members to submit late claims, and every effort is made to accept such claims until approximately the time Plaintiff files the motion for distribution of the Net Settlement Fund. Second, all filed claims remain subject to ongoing quality-control procedures by the Claims Administrator, which may result in minor adjustments—for example, curing deficiencies or disqualifying claims initially deemed valid. Accordingly, while the current claim data is not "final," it provides the Court with a reliable and best estimate of valid claims. Historically, any variance from this preliminary figure is unlikely to exceed 10%, absent an extraordinary circumstance such as the late submission of an unusually large claim. Ultimately, the Court retains discretion to accept or reject late-filed claims when ruling on the motion for distribution.

[5] $1,985,000/1,047 = $1,895,89. This represents an average recovery. Actual recoveries for each claimant will vary depending on when the claimant bought or sold EHang ADSs and the prices at those times.

- Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Plaintiff (ECF No. 86-2).

Courts routinely grant final approval without a hearing in similar circumstances. *See Perez v. Izea, Inc.*, No. 2:18-cv-02784-SVW-GJS (C.D. Cal.); *Barney v. Nova Lifestyle, Inc.*, No. 2:18-cv-10725-TJH-AFM (C.D. Cal.); *Wang v. Dada Nexus Ltd.*, No. 2:24-cv-00239-SVW-BFM (C.D. Cal.).

## IV.   CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's opening memoranda, the Motions should be granted.

Dated: December 24, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Yu Shi*
Yu Shi (*pro hac vice*)
275 Madison Ave, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: yshi@rosenlegal.com

Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff and the Settlement Class*

## <u>L.R. 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 1,871 words, which complies with the word limit of L.R. 11-6.1.

Date: December 24, 2025

<u>/s/ Yu Shi</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of December, 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Yu Shi</u><br>Yu Shi